FARRINGTON  insolvency, not one-third of what they should pay, and
v.
SINCLAIR.  which might be recovered of him.    There is no alle-
gation that *Morse* was unable to refund to the plaintiffs
any money which they may have paid as endorsers of
his paper.  I consider these objections as insurmountable,
and that, therefore, the defendant must have judgment,
with leave to the plaintiffs to amend on payment of costs.

Judgment for the defendant.

———◦✳◦———

FARRINGTON and SMITH *against* SINCLAIR.

Where a cre-       IN ERROR, on *certiorari* to a Justice's Court.
ditor levies, un-
der an execu-        The defendant in error, brought an action of trover in
tion, upon the  the court below, against the plaintiffs in error, for taking a
property of his
debtor,    con-  quantity of firewood which had been levied on by the plain-
sisting of a
ponderous arti-  tiff below, who was a constable, by virtue of an execution
cle not easily
removable  in favour of one *Caswell*, against one *Peter Payne*, and
and allows it to
continue in his  which was afterwards levied on by the defendant *Smith*, a
possession, this
is not, *per se*,  constable, under a junior execution, in favour of the de-
evidence that
the execution  fendant *Farrington*, against *Payne*.    At the trial, it was
and levy were
fraudulent, so  proved that the plaintiff having levied on a wood-pile, at
as to render the
property liable  *Payne's* door, *Caswell*, the judgment creditor, told *Payne's*
to be levied on,
under a junior  family that they might continue to use the wood for fuel
execution  a-  in *Payne's* tavern, for four fires.    They continued to use the
gainst the same
debtor; but if  wood, for ten days, or a fortnight, when the defendant *Smith*
the    creditor
permit  the  levied under *Farrington's* execution upon such of it as re-
debtor to con-
sume the pro-  mained, and carried it away.    In order to show fraud in the
perty,  being
firewood, this  prior execution and levy, the defendants below offered to
is a ground for
suspicion of  prove that *Caswell* gave permission to the family of *Payne*
fraud; and to
prove the fraud,
the creditor in the junior execution may produce evidence of a permission given to the debtor to
use other property levied upon at the same time.
   If the officer who made the first levy, brings an action of trover against the parties who were en-
gaged in the second levy, they may show circumstances of fraud to defeat the action, equally as if it
had been brought by the creditor himself.

to make use of other property levied on at the same time with the wood; but the evidence was objected to, and excluded by the justice. A verdict was found for the plaintiff below, on which judgment was given.

*Per Curiam.* The mere omission, for a few days, to remove the wood, it being a ponderous article, was not, *per se,* sufficient evidence of fraud; but the permission given by *Caswell,* the creditor, to consume it for four fires, in *Payne's* tavern, excited a just suspicion, that the proceeding was merely to cover the property; and after such a foundation was laid, the justice ought to have admitted the other evidence offered by the defendants below. It is no answer to say, that this was an action by the constable who levied, and that the fraud, if any, must be imputed to *Caswell.* If the real design of *Caswell* was to protect the property of *Payne* against other creditors, he shall not succeed in that attempt, by employing the constable as an instrument of his fraud.

Judgment reversed.