CRAWFORD V. NEWELL *et al.*

1. **Attachment:** CUSTODY OF PROPERTY: NOTICE OF LEVY: RETURN. Where an officer in the levy of a writ of special attachment not having indorsed upon it the direction of the court or judge, as required by section 3230, of the Revision, did not take the attached property into his custody, nor give notice of the levy, nor make such a return of service as required by the statute, the levy was held invalid.

2. —— OFFICER MUST TAKE POSSESSION. To constitute a valid attachment levy, the officer should do that which would amount to a change of possession, or something that would be equivalent to a claim of dominion, coupled with a power to exercise it.

*Appeal from Henry District Court.*

TUESDAY, DECEMBER 17.

THE facts giving rise to this suit are as follows:

The plaintiff leased to the defendant Newell, and one Hedge, a piece of land, to be cultivated in tobacco, on shares, the plaintiff to have two-thirds and the lessees one-third of the crop, to be divided when cut and hung. In addition to this, the plaintiff cultivated some tobacco on his own account. Both crops were cut and hung in the same building. After hanging for some time, the process of curing required the same to *lie in bulk*. After the plaintiff had put his own down in bulk, he and Hedge, one of the co-lessees (Newell being absent and his whereabouts not known), proceeded to divide the crop raised on shares, two stalks were put to and upon plaintiff's pile already commenced, and one stalk upon the joint pile of Newell & Hedge, until the division was completed.

Afterward, Newell returned, and was dissatisfied with the division of the tobacco crop, as made, and charged the parties with unfairness and fraud in making the same; and to remedy the injury which he supposed he had sus-

tained, commenced his action by attachment against Crawford and his own co-tenant, which resulted in his discomforture, as the charges were not sustained, and the action fell to the ground.

This action was then brought by the plaintiff against Newell and his surety on the attachment bond, to recover damages for the wrongful suing out of the attachment; and at the trial he proved unsuccessful, and now alleges that it was because of certain erroneous instructions given to the jury, which he wishes reviewed and corrected in this his appeal.

*H. & R. Ambler* for the appellant.

*L. G. Palmer* for the appellee.

Lowe, Ch. J. — To maintain the issue on his part, the plaintiff, at the trial of this cause, offered in evidence 1. ATTACH- the original writ of attachment and the MENT: custody of property: sheriff's return thereon, the judgment entry notice of levy: return. in the attachment suit, showing that Newell, the plaintiff therein, had failed in his action; together with evidence that the tobacco remained in bulk in the barn, from the time it was alleged to have been attached in the spring, till late in the succeeding fall, when the attachment suit was disposed of; in consequence of which it was shown to have sustained a damage to the value of one-third part thereof, more or less. In the instruction to the jury it was made a question whether in fact and law there had been such a levy of the attachment on the tobacco as deprived the plaintiff of his legal control and dominion over the same. Counsel for appellant complain that the court in its instruction, took the ground that the levy of the attachment was incomplete in law, and could not have the effect to prevent the plaintiff in exercising

what care he might choose to bestow in the preservation of his property ; and such we understand to be the purport of the instructions given on the one hand and refused on the other.

If the levy was good under the statute the case should be reversed, otherwise, affirmed.

To this inquiry we address ourselves.

The writ of attachment, addressed to the sheriff, commanded him to attach " *two lots of tobacco, raised on the farm of George W. Crawford, and supposed to be in his barn at the time.*"

The return which the sheriff made upon the writ was as follows :

"Received this writ February, 1865, at nine o'clock A. M., and, on same day, I served same by attaching the property described within.

"W. T. SPEARMAN, *Sheriff, etc.*"

The property referred to in the levy was not removed or in any wise disturbed by the sheriff, but suffered to remain just where it was found, nor does it appear from the evidence, that the defendant in the attachment, or any one else, was constituted agent or bailee of the sheriff, to take care of and preserve the property.   Under such circumstances, if another creditor subsequently levy and take possession of the property without notice of the former levy, he would hold it, as we decided in the case of *Border* v. *Benge* (12 Iowa, 330).

But, it is insisted, that, as between the parties to the writ of attachment, the above levy would be effectual and valid.   Whether it is so or not, must be determined from what is required by the statute as to the mode of levying the attachment.   Upon this point, we are not without express statutory direction.

In the first place, this was, without any question, a specific attachment, obtained as provided for in section 3225 of Revision. It did not, however, as section 3230 declares, have indorsed upon it the direction of the court or judge as to the disposition to be made of the attached property. By the same section, specific attachments are to be directed, executed and returned as other writs of attachment, and the mode of levying the same is particularly defined in section 3194, which requires the officer to take the property into his custody, if capable of manual delivery, and give notice thereof to the defendant in the action, or the party in possession of the property. Neither of these three requirements was observed, nor was there such a return upon the writ, in any respect, scarcely, as is made requisite by section 3224 of the Revision.

To constitute a valid, operative attachment levy under the provisions of the statute, the officer should do that which would amount to a change of possession, or something that would be equivalent to a claim of dominion, coupled with a power to exercise it.

Nothing of this kind was done, and we cannot but think that the levy, on that account, was inoperative, and that the court, therefore, did not err in its instructions to the jury. As sustaining our view of this question, we refer to 10 Ohio (O. S.) 488; 7 Ala. 619; 29 Ga. 710; 4 Dallas, 213, 358; 15 Johns. 428.

Affirmed.