## TECHMEYER v. WALTZ.

1. **Execution : LEVY.** The simple noting of personal property on a writ, or the taking of an inventory, where there is no removal of the property and no person is placed in charge thereof by the officer, does not constitute a valid levy as against one who claims never to have parted with the title to the judgment debtor.

*Appeal from Fremont Circuit Court.*

FRIDAY, DECEMBER 6.

ACTION to replevy a wagon. The defendant is constable, and as such had levied a writ of attachment upon the wagon as the property of one Allen. The plaintiff was formerly the owner of the property, and claims that he made a conditional sale to Allen; that the conditions of the sale were not performed, and that before the levy he retook possession. The court instructed the jury in substance that, if the sale was conditional, and the conditions were not performed, and the plaintiff reclaimed the property before the levy, he would be entitled to hold it. There was a verdict for the plaintiff, and the defendant appeals.

*Read & Ellis,* for appellant.

*Stow & Hammond,* for appellee.

ADAMS, J.—No exceptions were taken to the instructions, and no errors assigned thereon. The appellant merely claims that the verdict under the instructions is not supported by the evidence.

Great doubt exists in our minds as to whether the evidence does not show that the sale was absolute. But this question

1. EXECUTION: levy. is not raised by appellant's counsel, and there is nothing to show that it was raised in the court below. Indeed, it is expressly claimed by appellant's counsel,.

in their argument, that the sale was conditional; but they say that being such it should have been made in writing, and the writing should have been acknowledged and recorded under the provisions of section 1922 of the Code. The court held in its instructions that it was sufficient if the property was reclaimed before levy. This disposed of the question of record, if the instruction is correct. Whether it is or not we are not called upon to determine, as no exceptions were taken to the instructions.

The jury must have found that the wagon was reclaimed before levy. Was this finding wholly without support? The undisputed evidence is that the wagon was standing near Allen's stable. The plaintiff hitched a pair of mules to it and drew it out as far as into the street, and was about to take it away, when he was stopped by the defendant. It appears to us that the plaintiff had reclaimed the wagon. Whether a valid levy had been made prior to that time is a question of more doubt. The defendant testifies that a levy had been made, and that he had so told the plaintiff before the plaintiff moved the wagon. But the defendant had not moved the wagon, and at the time the plaintiff hitched to it and drew it into the street the defendant had gone away. To use his own expression, he "had gone up town."

The court instructed the jury upon this point as follows:

"The simply noting the levy on the writ, or taking an inventory of the property by the officer, if after doing this he leaves it where he finds it, would not constitute a good levy. But if, while the officer was there making a levy or taking an inventory, the plaintiff came there and attempted to take the wagon, and was there informed by the officer that he had levied upon the wagon, the plaintiff could not, if the officer happened to step off for a few minutes from the wagon, take it into possession. He could in that way acquire no right as against the officer."

The defendant testifies that at the time he made the levy no one was present; that the plaintiff came afterward; that he

told the plaintiff that he had levied on the wagon, and then went up town. When he came back he found that the plaintiff had hitched to the wagon and drawn it into the street. How far it was up town, and whether he was gone a few minutes or a few hours the evidence does not show. The plaintiff says that he had no knowledge that the defendant had levied upon the wagon, and, as the defendant had not moved the wagon, nor placed any one in charge of it, there was nothing *in what was done* to apprise the plaintiff of the levy. We do not think we should be justified in disturbing the verdict.

AFFIRMED.