Bickler, Winzer & Co. et al. v. Kendall et al.

---

BICKLER, WINZER & CO. ET AL. v. KENDALL, DEFENDANT,
AND GARRETT, INTERVENOR.

1. **Attachment:** REQUISITES TO VALID LEVY.   To constitute a valid levy of a writ of attachment, under § 2967 of the Code, the officer having the writ must do what amounts to a change of possession of the property, or something which is equivalent to a claim of dominion, coupled with the power to exercise it.   (*Crawford v. Newell*, 23 Iowa, 453.)   And so, where the officer having the writs in question merely barricaded the front door of a store-room which he found locked, leaving the back door unguarded, the key thereof being in the control of the claimant of the goods within, *held* that there was no valid levy on the stock of goods; and, even if the claimant of the goods at the time recognized the levy as valid, that did not make it so.

2. **Fraudulent Transfer of Goods:** INADEQUATE PRICE AS EVIDENCE OF.   If the price paid for goods is grossly inadequate, that is a circumstance to be considered in determining whether the transaction is fraudulent or not, but its weight as evidence may be affected by the other circumstances of the transaction; and if the purchaser buys with an honest purpose and intent, his right and title to the property will not be defeated by the inadequacy of the price paid.

*Appeal from Louisa District Court.*

WEDNESDAY, SEPTEMBER 23.

THE plaintiffs each instituted a suit on a money demand against defendant, R. S. Kendall, and in each suit a writ of attachment was issued against the property of defendant. The sheriff made an attempt to levy said writs on a certain stock of goods which had formerly belonged to defendant, but which at the time were in possession of the intervenor. The suits were commenced on the seventeenth day of October, 1881, and on the twenty-fifth of the following January Garrett filed his petition in intervention, in which he alleged that he was the owner of said goods and in possession thereof, at the time of the pretended levy of said writs of attachment thereon, having purchased the same from the defendant Kendall. Also that the return of said writs of attachment, which shows levies on said stocks of goods, are not true in fact, but that the officer who attempted to make said levies never took possession of the property, and never entered the building in which it was situated, and did not see the property at the time, and did nothing towards effecting a levy on it, except to barricade the door to the building in which it was situated, and thereby exclude intervenor therefrom.

The answer to the petition set up that the sale of said property by defendant Kendall to intervenor was made for the purpose of hindering, delaying and defrauding the creditors of the former in the collection of their debts, and alleges that plaintiffs are creditors of Kendall. The causes were tried together in the district court. There was a verdict and judgment for the intervenor, and plaintiffs appeal.

*Sprague & Springer* and *Dodge & Dodge*, for appellants.

*E. W. Tatlock* and *Newman & Blake*, for appellees.

REED, J.—The questions presented by the pleadings are (1) whether there was a valid levy of the attachments on the property in question; and (2) whether the sale of the goods by Kendall to intervenor was made for the purpose of hinder-

ing, delaying or defrauding Kendall's creditors in the collection of their debts.

I. The evidence without any conflict establishes the following facts, which should be considered in determining the first question: The sale by Kendall to Garrett was made a few days before the attachments were sued out. The property which was the subject of the sale consisted of a stock of general merchandise, and was situated in a building in which Kendall' had carried on business as a merchant. After the sale Garrett took possession and continued to carry on the business at the same place. After he received the writs, the sheriff informed Garrett that he intended to levy on the property, and the latter told him to go ahead and make the levy. The sheriff afterwards went to the building for the purpose of making the levy, and, finding it closed and the doors locked, he proceeded to barricade the front door. There was a rear door to the building, which was locked, and Garrett or his attorney had the key to it, but they made no effort to enter the building after the front door was barricaded, and the sheriff did not enter it to make an inventory of the property, or for any other purpose, before returning the writs, nor did he place any person in charge of either the goods or building. The court gave the following instruction for the guidance of the jury in determining the question whether there had been a valid levy of the attachments, viz.: "If you shall find from the evidence that the intervenor held possession of the stock of goods in controversy in a store building in Wapello, and the plaintiffs caused this writ of attachment to issue against the goods and property of R. S. Kendall, and, at a time when the store building was locked, the sheriff barricaded or barred up the door, and assumed to make a levy on said goods, and, with knowledge of this, the intervenor recognized said levy and made no effort to hold possession of said goods, the levy, for the purposes of this case, will be held sufficient to entitle plaintiffs to the stock of goods in controversy, if you find the sale to intervenor was

*Margin note: 1. ATTACHMENT: requisites to valid levy.*

not made in good faith. But if you shall find that the goods were in a store, in the possession of the intervenor, and, at a time when the store building was locked up, the sheriff, without forcing open the door of the building, barricaded or barred the door, and made no further levy, and this was not recognized by the intervenor as a levy, these acts would not make a valid levy so as to give the plaintiffs a lien on the goods."

The giving of this instruction is assigned as error. The jury were told by the instruction, in effect, that the act of the sheriff in barricading the door did not alone constitute a levy of the attachments on the goods within the building. But if the intervenor recognized that act as amounting to a levy on the goods, it would, for the purposes of the case, be regarded as a levy. This latter proposition we do not approve, for in our opinion the question whether a valid levy of the writs had been made depends upon what had in fact been done by the officer, rather than upon the view which the intervenor took of the effect of his acts. Still, if the first proposition is correct, this error affords plaintiffs no ground of exception, for the clause containing it was given for their benefit, and it is not prejudicial to them. The statute prescribes the steps which must be taken to effect a valid attachment levy. It is provided by Code, § 2967, subd. 2, that " if the property is capable of manual delivery, the sheriff must take it into his custody if it can be found." And it was held in *Crawford v. Newell*, 23 Iowa, 453, that, to constitute a valid, operative attachment levy under this provision of the statute, the officers should do that which would amount to a change of possession, or something that would be equivalent to a claim of dominion, coupled with a power to exercise it.

We are of the opinion that the sheriff did not, by the mere act of barricading the front door of the building, take the property within it into his possession. It remained in the same position in which it was before the act was done. Intervenor's possession was not disturbed, for nothing was done to prevent his entering the building by the back door,

and no person was placed in charge of the goods or the store. Nor did the act amount to a claim of dominion over the goods, within the meaning of the law. The officer supposed, doubtless, that by the act he was effecting a levy upon the goods, but it was no more effective for that purpose than his verbal proclamation that he seized them on the writs, unaccompanied by any act of possession, would have been. The facts with reference to the attempted levy are not materially different from those in *Crawford v. Newell*, *supra*, and which were held not to constitute a valid levy. We think, therefore, that the instruction on this ground is correct.

II. One circumstance relied on by plaintiffs, as tending to prove that the sale by Kendall to intervenor was fraudulent, was the inadequacy of the price paid for the goods. There was evidence tending to prove that the price paid did not exceed one-fourth of the actual value of the property, and the court instructed the jury that " gross inadequacy of price is of itself a badge of fraud; and, though not conclusive, yet, when coupled with other circumstances tending to prove fraud, becomes controlling and quite conclusive evidence." In another instruction the court told the jury that, " while gross inadequacy of price is a badge of fraud, a man in dealing and buying goods, if he acts honestly, and not to defraud nor aid in defrauding others, has a legal right to make the purchase at as low a price and at as good advantage as he can."

2. FRAUDU-LENT transfer of goods: inadequate price as evidence of.

Plaintiffs contend that these instructions are in conflict, and are calculated to mislead and confuse the jury. We think, however, that they express correct rules of law applicable to the case, and the jury could not have been misled by them. When applied to the evidence in the case, they mean simply that, if the price paid by intervenor in the purchase of the goods was grossly inadequate, that circumstance should be considered in determining whether the transaction was fraudulent, and that its weight as evidence of fraud might be affected by the other circumstances of the transaction; but

that if intervenor purchased the property with an honest purpose and intent, his right and title to it would not be defeated by the inadequacy of the price paid; and this meaning is expressed with ordinary clearness.

Other questions have been argued by counsel, but, in the view we have taken of the question considered in the first paragraph of this opinion, they do not demand consideration.

The judgment of the district court will be

AFFIRMED.