Hibbard, Spencer, Bartlett & Co. v. Zenor.

---

HIBBARD, SPENCER, BARTLETT & CO. v. ZENOR.

1. **Chattel Mortgage:** RECORD: WHEN CONSTRUCTIVE NOTICE BEGINS. A chattel mortgage filed for record does not impart constructive notice to third persons until the entries required by section 1925 of the Code have been made by the recorder in the index. A custom of the recorder to defer making such entries until the next morning, when a paper is filed near the close of the business day, does not change the rule as to a mortgage so filed.

2. **Attachment:** LEVY : WHEN COMPLETE: PLACING GUARD AT DOOR. A levy upon goods is not accomplished until the officer has done some act in relation to the goods which, but for the writ, would amount to a trespass. And so, where an officer, with a writ in his possession, intending to levy on a stock of goods, went to the building where they were kept, but found it locked, and placed a guard at the door until he should get a key, but, failing to get one, he returned in a reasonable time and broke into the house and took possession, *held* that there was no levy until the entrance was effected, and that the levy did not relate back in time to when he first went upon the premises with intent to make it.

| 75 | 471 |
| 76 | 237 |
| 75 | 471 |
| 82 | 506 |
| 75 | 471 |
| 88 | 507 |
| 75 | 471 |
| 89 | 622 |
| 75 | 471 |
| 92 | 252 |
| 92 | 626 |
| 75 | 471 |
| 101 | 311 |
| 75 | 471 |
| 106 | 501 |

Hibbard, Spencer, Bartlett & Co. v. Zenor.

3. **Appeal**: PRACTICE: PREJUDICE PRESUMED FROM ERROR. Where the jury found generally for defendant upon several defenses pleaded, and the court gave an erroneous instruction, unfavorable to plaintiff, as to one of the defenses, and it could not be determined that the verdict was not based on that defense, and thus influenced by the erroneous instruction, *held* that prejudice to plaintiff must be presumed, and the cause reversed.

4. **Chattel Mortgage**: FILING FOR RECORD: NOTICE: INSTRUCTION. The court instructed the jury as follows: " The delivery of the instrument (chattel mortgage) to the recorder, and the stamping the same as filed by such recorder, is not a record which will impart constructive notice ; nor will any person be bound by the record, *or notice of such instrument, until the proper description thereof is entered in the entry-book or index-book*, as provided by law. *Held* not objectionable on account of the italicized portion, since, in another part of the instruction, the jury were told in clear and express terms that actual notice would be as binding as the record would have been if made.

5. **Attachment**: OF GOODS UNDER MORTGAGE: VALIDITY: NOTICE BY MORTGAGEE OF HIS INTEREST. The levy of an attachment on mortgaged chattels is not void, though the amount of the mortgage debt is neither tendered nor deposited, as required by section 1, chapter 117, Laws of 1886, where the attaching creditor contests the validity of the mortgage. (See section 4, of said act). And in such case the provisions of the act do not affect the requirement of chapter 45, Laws of 1884, that persons claiming the property must give the officer notice of their claims.

*Appeal from Boone District Court.* — HON. S. M. WEAVER, Judge.

FILED, OCTOBER 12, 1888.

ACTION for the recovery of specific personal property. Plaintiffs claim under a chattel mortgage executed by Hall & Co. Defendant seized the property by virtue of three writs of attachment sued out by creditors of the mortgagor. He disputes the claim of plaintiffs on the grounds (1) that neither he nor the attaching creditors had notice of the mortgage before the levy ; (2) that no notice of plaintiffs' claim was served upon him, as required by statute, before the suit was instituted; (3) that the mortgage was given and accepted with the fraudulent intent to hinder and delay the creditors of Hall & Co. in the collection of their debts ; and (4) that the mortgage was voluntarily executed by Hall & Co.

without the knowledge of plaintiffs, but was not delivered until after the levy. The verdict and judgment were for defendant. Plaintiffs appeal.

E. L. Greene and Loren W. Reynolds, for appellants.

Crooks & Jordan and Hull & Bicksler, for appellee.

REED, J.—The mortgage under which plaintiffs claim was given to secure a promissory note for seventy-five hundred dollars. The evidence tended to prove that Hall & Co. were indebted to plaintiffs in that amount, and that they, on the twenty-eighth of December, 1886, executed their promissory note for the amount, and to secure the same gave a chattel mortgage on their stock of goods and merchandise. They were anxious, however, to continue their business; and, being apprehensive that other creditors would close them up by attachment, if the fact of its execution should become known to them, they requested plaintiffs to withhold it from record, and promised that they would execute another mortgage on the same property, and place the same on record at any time in the future when there should appear to be danger that plaintiffs might lose the security. Plaintiffs assented to that arrangement, and accordingly withheld the mortgage from record. On the seventh of January following, Hall & Co. became satisfied that they could not continue the business, and on that day they executed the mortgage now sued on, and delivered it to the recorder to be recorded at 6:30 p. m. The recorder endorsed on the back of the instrument his certificate that it was filed for record at that hour, but he did not enter it in the record index until 8:30 the next morning. At about eight o'clock, on the evening of the seventh, defendant received a writ of attachment issued in the suit of the Baker Wire Co. v. Hall & Co. He immediately went to the store for the purpose of making a levy, but, finding it closed, he left a watchman at the building, and went to the home of John C. Hall, senior member of the firm,

and demanded of him the key to the store. Hall
informed him that a mortgage had been placed on the
stock, and refused to surrender the key. Subsequently,
another writ, issued in the suit of the *McCormick Har-
vesting Machine Co. v. Hall & Co.*, was placed in his
hands; and at eleven o'clock on the same evening, he
returned to the store, and effected an entrance through
a window, and seized the goods. On the tenth of Janu-
ary, a landlord's attachment, sued out by the owners of
the building for rents accruing within one year, was
placed in his hands, and he levied the same on the
property. Each of these suits was prosecuted to a
judgment, and special executions were ordered for the
sale of the attached property. It was conceded that the
landlords had the superior lien on the property. Plain-
tiffs intervened in that action, and tendered the amount
of the judgment, and the court entered an order
requiring the landlords to accept the tender, and subro-
gating plaintiffs to their rights under the judgment.
The verdict determines that the interest of defendant in
the property, which had been delivered to plaintiffs
under the order issued by the clerk, was the amount of
the judgment recovered by the Baker Wire Company
and the McCormick Harvesting Machine Company, and
a nominal amount for that obtained by the landlords,
and he elected to take a money judgment for those
amounts.

I. On the trial plaintiffs offered evidence to prove
that it was a custom of the recorder, when instruments
were delivered to him to be recorded near
the close of business on one day, not to
enter them in the index until the next morn-
ing; but the court excluded the evidence,
and instructed the jury that defendant was not charged
with constructive notice of the mortgage until the
proper entries thereof were made in the index. These
rulings are clearly right. The notice created by the
record of an instrument is constructive. The implica-
tion or presumption that those dealing with reference to
the property affected by the instrument have notice of

1. CHATTEL
mortgage:
record: when
constructive
notice begins.

such facts as are shown by the record is raised by the statute, and the whole subject is governed and limited by it. Under section 1925, Code, it is the duty of the recorder, when an instrument of the character of that in question is deposited with him to be recorded, to note thereon the day and hour of filing, and enter in the entry-book or index the names of the mortgagor and mortgagee, the dates of the instrument and the filing, and the nature of the instrument ; and the section also provides that from the time of such entry the instrument shall be deemed complete as to third persons. Under this provision there can be no question as to the time when the record becomes notice to the world of the instrument. When the prescribed entries are made, any person desiring information with reference to the property, by an inspection of them, would learn of the existence of the mortgage, and he is charged with notice of its existence, whether he makes such examination or not. But until they are made, the record, which is the source to which he is bound to go for information, is silent, and it is the only instrument by which he can be charged with the constructive notice.

II. There is some conflict in the evidence as to whether Hall informed defendant, when the demand was made for the key, that plaintiffs were the parties to whom the mortgage had been given. It was undisputed, however, that he informed him that a mortgage on the stock had been executed. The district court instructed that if defendant was informed, before the levy was made, that plaintiffs held a mortgage, or if he was then informed of such facts as would have put a reasonable man upon an inquiry which would have led to the discovery that plaintiffs held the mortgage, and the notice to surrender the property prescribed by the statute had been served upon him before the suit was instituted, plaintiffs would be entitled to recover. The general verdict does not necessarily imply a finding in favor of defendant on either of these questions. Neither are they determined by the special findings. The general verdict may have

2. ATTACH-
MENT : levy:
when com-
plete : plac-
ing guard at
door.

been based upon a finding that the levy was complete before the information with reference to the mortgage was imparted to defendant. On that question the court gave the following instruction: "To constitute a good levy upon personal property, the officer must have such property within his dominion and control, and must, within a reasonable time, reduce the same to his actual possession. If you find that the defendant, having in his possession the writs in question, went to the store of Hall & Co. for the purpose of levying them upon the goods kept in said store, and, on attempting to enter, found the building locked, and thereupon, in pursuance of his intention to make such levy, placed a guard on the premises to maintain and protect his possession and dominion over the property, while he himself went for a key with which to effect an entrance, and within a reasonable time returned and unlocked or broke open the building, and took actual possession of the goods, such acts would constitute a good and sufficient levy from the time he first went upon the premises with intent to make the same."

In our opinion this instruction cannot be sustained It holds, in effect, that if defendant, when he placed the guard on the premises, intended to maintain possession and dominion over the property, and thereafter, within a reasonable time, effected an entrance and actual seizure of the goods, the levy is to be regarded as complete from the time he first attempted to enter the building. But whether a levy was accomplished depends upon the effect of what was done, rather than upon the intent with which it was done. To constitute a levy, the sheriff must, if the property is capable of manual delivery, take actual possession of it. Code, sec. 2967. He must do that which would amount to a change of possession, or which would be equivalent to a claim of dominion, coupled with a power to exercise it. *Crawford v. Newell*, 23 Iowa, 453; *Bickler v. Kendall*, 66 Iowa, 703. Now, while the act of placing the guard on the premises may have amounted to a claim of dominion over the property, it did not necessarily carry with it the power to exercise that dominion;

for it did not necessarily have the effect to exclude the owners from the building, or prevent them from assuming the control and care of the property; and they were not necessarily deprived of possession by it. We do not hold that an actual seizure of the goods, or even an entry into the building, was essential to the accomplishment of the levy. But it was not accomplished until defendant had done some act with reference to the property sought to be seized which would, but for the writ, have amounted to a trespass; and the levy would be valid and operative from that time only. And it would not operate by relation, as the instruction holds, from the time the prior steps were taken.

But it was contended that the general verdict is a finding for defendant on all of the issues in the case, and hence, as the answer pleaded a number of matters, either one of which constitutes a perfect defense to plaintiffs' claim, we ought not to reverse because of the error in the instruction, which related to but one of them. But this claim is not sound. The jury found specially against defendant on the issue that there was no delivery of the mortgage before the levy. They found specially that the mortgage was executed and delivered to the recorder for record in pursuance of previous agreement between the parties to it. That was a sufficient delivery, and, as between the parties, the mortgage was operative from that time. *Everett v. Whitney*, 55 Iowa, 146. So that the general verdict could not have been found under that issue. It must have been found under one or all of the others. Now, the evidence which tended to establish the allegation of fraud is exceedingly meager. Indeed, if it could be determined from the record that the verdict was found under that issue alone, it would be exceedingly doubtful whether it could be sustained. There was a fair conflict in the evidence on the question whether there was a valid service of the notice to return the property, and under it the jury might have found against defendant on that question. The verdict, then, may have been found

3. APPEAL: practice: prejudice presumed from error.

Hibbard, Spencer, Bartlett & Co. v. Zenor.

alone under the issue to which the instruction related. If so, the instruction was prejudicial. Now, while we will not reverse because of an erroneous ruling from which no prejudice could have resulted, the presumption, in the absence of anything in the record to the contrary, is that such ruling was prejudicial. And as it cannot be determined in the present case that the jury did not act under the instruction in question in finding their verdict, that presumption arises, and we must be governed by it.

III. In another instruction the court used the following language: "The delivery of the instrument to the recorder, and the stamping of the same as filed by such recorder, is not a record which will impart constructive notice; nor will any person be bound by the record, *or notice of such instrument, until the proper description thereof is entered in the entry-book or index-book,* as provided by law." Appellants, while denying the general doctrine of the instruction, a question which we have already considered, took special exception to that portion of it which we have italicized. Counsel contended that the jury might well have understood from that language that even actual notice to defendant of the mortgage would not bind him, unless the proper entry had been made in the index before the notice was given. It is very apparent, however, from the whole instruction, that the thought intended by the court is directly the opposite of that. Indeed, in another part of the instruction, the jury were told, in clear and express terms, that actual notice to defendant of the mortgage, before the levy, would bind him as effectually as the record would have done if it had then been made. While the particular language, then, standing alone, does not accurately or fully express the meaning of the court, it is very clear, we think, that the jury could not have been misled by it.

IV. It is contended that, as defendant did not pay or offer to pay the amount of the debt secured by the

4. CHATTEL mortgage: filing for record: notice: instructions.

5. **ATTACHMENT: of goods under mortgage: validity: notice by mortgagee of his interest.** mortgage, as provided by chapter 117, Laws Twenty-first General Assembly, the levy is void; and hence it was not necessary to serve the notice of ownership prescribed by chapter 45, Laws 1884, before instituting the suit. Section 4 of the act provides, however, that nothing contained in the act shall in any way affect the right of the creditor to contest for any reason the validity of the mortgage. The creditors were contesting the validity of the mortgage on the grounds (1) that it was fraudulent; (2) that it had never been delivered; and (3) that they had no notice of it, which, if true, rendered it invalid as to them. The provisions of the act have no application when the mortgage is sought to be avoided on these grounds, and the requirement for notice is not affected by them. For the error pointed out the judgment will be

REVERSED.