JOSEPH GODDARD, APPELLANT, *v.* ELIAS H. PAR-
SONS, AS UNITED STATES MARSHAL OF UTAH TER-
RITORY, AND OTHERS AS SURETIES ON HIS OFFICIAL
BOND, RESPONDENTS.

ATTACHMENT AND GARNISHMENT.—PRIOR LEVY.—LIABILITY OF
OFFICER.—Plaintiff on bringing suit against the owner of cer-
tain personal property, sued out a writ of attachment and
placed the same in the hands of defendant herein, as United
States marshal, who garnished a certain railroad company,
which answered that it had certain personal property belong-
ing to the defendant in its possession, but claimed a prior lien
for freight, demurrage and storage, which writ and answer of
the railroad company, the marshal duly returned into court.
The railroad afterwards sold sufficient of the property to pay
its claim and held the balance which was sufficient to pay
plaintiff's demand. Before plaintiff obtained judgment, how-
ever, the defendant herein, as marshal, levied an execution
issued at the suit of another creditor against the owner upon
the same property and took the same into his possession, and
afterwards sold it and applied the proceeds in satisfaction of
the judgment therein. The plaintiff afterwards obtained judgment
and issued execution and placed the same in the hands of the
marshal and instructed him to levy the same upon the property
previously garnished in the hands of the railroad company,
which the marshal refused to do, and returned the execution
*nulla bona*, thereupon the plaintiff sued the marshal for failure
to do his official duty. *Held*, that the marshal was not liable
for the value of the property sold, since his duty ended upon
returning the writ into court, the garnishee not having deliv-
ered over the property to him under the writ.

(No. 603. Decided Dec. 21, 1895. 42 P. R. 1134.)

APPEAL from the District Court of the Third Judicial
District. Hon. Samuel A. Merritt, *Judge*.

Action by Joseph Goddard against E. H. Parsons, as United States marshal of Utah territory and Jacob Moritz, Robert C. Chambers, Jacob E. Bamberger, James Hogle, Wm. S. McCornick, Fred H. Auerbach, Mathew Cullen, J. R. Walker and Geo. A. Lowe, sureties on his official bond. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Mr. Geo. W. Moyer* and *Mr. J. W. Judd,* for appellant.

That the process of garnishment is an attachment of property in the hands of the garnishee and creates a lien as effectually for all purposes, so far as the rights of the attaching creditor are concerned, which dates from the time of the service of the garnishment upon the garnishee, is, we think, a legal proposition well supported by text writers and courts of last resort, without a dissenting opinion. Waples on Attachment, pp. 488–89–90, 492, 592, 593; *Wilder* v. *Weatherhead,* 32 Vt. 765; *Brandin Iron Co.* v. *Gleason,* 24 Vt. 228; 2 Wade on Attachments, pp. 26, 27. *Kennedy* v. *Brent,* 6 Cranch, 187; *Burlingame* v. *Bell,* 16 Mass. 317; *Talbot* v. *Harding,* 10 Mo. 350; Drake on Attachment, § 453.

These provisions of the statute make the duty of the officer too plain to be mistaken and we think precludes any controversy. In this case the officer returned the writ of attachment that he had levied upon the property by attachment directly in accordance with the statutes. He had no power or right to make any other disposition of this property than that directed by the statutes. He could not by the return of the writ thereby relieve himself of his control over the property or his liability for the failure to have said property to satisfy any judgment which plaintiff might recover in the attachment proceedings. The property in contemplation of law was in the custody and control of the court. Waples on Attachment, p. 279;

2 Wade on Attachment, § 421. The courts say that this rule has been recognized by a long series of decisions under a similar statute to ours. Also, Drake on Attachments, § 290, p. 211. To give the officer any other authority or right to dispose of the property other than that directed and pointed out by the statutes would be to vest in the officer judicial power by which he could pass upon the prior rights of a number of attaching creditors and make such an appropriation of the property as should suit his notions or best serve his interests. Having returned that he did attach the property he could not be heard to dispute his return. *Benjamin* v. *Hathaway*, 3 Conn. 532; *Gardner* v. *Hosmer*, 6 Mass. 325; *Harvey* v. *Foster*, 64 Cal. 296; *Gale* v. *Ward*, 14 Mass. 352. Having received the writ of attachment, it was not only his duty to levy upon the property, but to follow up his levy as directed by the statute, and safely keep and preserve the property to satisfy the plaintiff's judgment which should be obtained in that suit. Under the allegations of the complaint herein filed, not having done this, he must answer for the failure to perform his duty. *Weaver* v. *Wood*, 49 Cal. 297; *Hargrave* v. *Penrod*, 12 Am. Dec. p. 201 and note at p. 203; *Barnard* v. *Ward*, 9 Mass. 269; 2 Thompson on Neg., p. 825 and note 3; *Montana Milling Co.* v. *Jeffries*, 35 Pac. 908.

*Messrs. Rawlins & Critchlow* and *Mr. W. C. Hall*, for respondents.

ROLAPP, J.:

In this action the plaintiff, Joseph H. Goddard, on the 13th day of August, 1891, brought an action in the district court of the Third Judicial District of Utah against John W. Young and the Utah Central Railway Company to recover the sum of $7,409.65. On the same day he caused

to be issued a writ of attachment from said court, which was directed to the United States marshal for the territory of Utah, and commanded him to attach the property of the defendants in said suit, John W. Young and the Utah Central Railway Company, sufficient to satisfy the plaintiff's demand. On the 14th of August, 1891, this writ of attachment and the summons thereon issued were delivered to one A. G. Dyer, who was then a duly appointed, qualified, and acting deputy United States marshal. On the day last mentioned the Rio Grande Western Railway Company had in their possession and under their control about 1,000 tons of steel rails and 88 box cars, consigned to John W. Young, one of the defendants in said action. The defendant herein Elias H. Parsons, under and by virtue of the said writ of attachment, served a writ of garnishment upon the Rio Grande Western Railway Company, and made his return on the writ, reciting the fact that he had garnished the above-named property, and attached to it a statement from the Rio Grande Western Railway, in which they admitted that they had the property in their possession, and that it was consigned as freight to the defendant John W. Young, and also asserted that they held a prior lien on said property for freight, demurrage, and storage, amounting to $34,627.37, and that they held said property under said lien until the said sum was paid. They also stated that they had no knowledge as to whether the John W. Young to whom the property was consigned was the same John W. Young as mentioned in the attachment as the defendant therein. Subsequently the railroad company sold a sufficient quantity of the property to satisfy their charges, leaving a balance of 216 tons of steel rails, which the. United States marshal obtained from the railway company, and sold the same under and by virtue of the execution which was issued to him upon another judgment. Thereupon the plaintiff brought this action against Elias H.

Parsons as United States marshal, and against the other defendants as his bondsmen, for failing to perform his duty as such marshal. To this complaint the defendants demurred on the ground that the same does not state facts sufficient to constitute a cause of action.

The principal question presented in this case is whether the service of the writ of attachment by garnishment places upon the officer serving the writ the duty of safely keeping the property for the benefit of the attaching creditor. In this case it must be presumed that in serving the writ by garnishing the railway company the officer did so by direction of the plaintiff, as provided by section 3314, Comp. Laws Utah. That being the case, the officer had discharged his full duty to the plaintiff when he garnished the company and made return thereof upon his writ. So far as the property in dispute was concerned, the writ was then *functus officio*, and the officer who served it was charged with no further duty in regard to the property, and could not then be guilty of any neglect respecting it. What we term "garnishment" is substantially what in Massachusetts and other New England states is known as the "trustee process." It is so termed because by process of law the holder of the property of the debtor is constituted a trustee of the property for the creditor. Our statute directs how this shall be done. As a preliminary, there must be a complaint, affidavit, and bond filed by the creditor, and the writ issued by the court; then service of the writ must be made upon the holder of the property. There the duty of the officer with the writ ends, unless the garnishee deliver up the property to the officer, or the garnishee is brought into court upon complaint, and required to deliver the property to the officer. Comp. Laws, §§ 3315–3317. In this case neither of these was done. The officer was not the attorney for the plaintiff, but the officer of the court serving its process, and when the writ

was served by garnishment and returned into court he had nothing further to do with the writ or the property in the hands of the garnishee. The plaintiff had directed the officer to garnish the railway company instead of seizing the property, and it must be presumed that the plaintiff was not willing to seize the property and contest the lien of the company, but preferred to make the company his trustee, and have his remedy against it. If he neglected to take the necessary steps to hold the trustee, he should not be rewarded therefor by a judgment against the officer who properly served the writ as directed.

Suppose an execution against the same defendants had been placed in the officer's hands the day after he returned the writ of attachment, or the day after he had served the writ of attachment by garnishing the railway company, and the judgment creditor had denied the lien of the railway company, contending that the property was the property of the defendants, free of all liens, and had instructed the officer to levy the execution by seizing the property itself, preferring to contest the lien to taking chances of a judgment against the holder of the property as garnishee for the reason that the garnishee might be of doubtful responsibility, it would be the right of the creditor to have the execution levied upon the property, and it would be the duty of the officer to so levy it. *Hibbard* v. *Zenor,* 75 Iowa, 471, 39 N. W. 714; *Thomas* v. *Manufacturing Co.,* 76 Iowa, 735, 39 N. W. 874. If the railway company or any other person should claim the property levied upon, the rights of the parties could be tried summarily; but even if decided against the execution creditor, the officer would be bound to keep the property under levy, if indemnified. Comp. Laws, § 3427. In this case the writ of attachment was levied by garnishing the railway company, August 14, 1891. The railway company made a statement September 4, 1891. The writ was re-

turned September 15, 1891. Under the garnishment the officer did not take or become entitled to the possession of the property. 2 Waite, Attach. § 338; 8 Am. & Eng. Enc. Law, 1197–1201.

The complaint also discloses that the marshal, subsequent to the return of the writ of attachment and the sale of the greater part of the property by the railway company to satisfy its lien, was given a writ of execution against the owners of 216 tons of rails, and directed to levy the writ by seizing the rails. He did so as directed, sold the rails upon the execution, as was his duty. With the writ of attachment returned, he owed no duty to the plaintiff, and when the execution was placed in his hands it was his duty to levy it as he did. If the plaintiff has suffered, it is through his own neglect in failing to proceed to hold the railway company as garnishee, or through the fault of the railway company in discharging its duty to the plaintiff as garnishee; but in neither case could the marshal or his bondsmen be called upon to make good the loss.

There are other points presented in this case, but, as the determination of this point would seem to be decisive of the case, it becomes unnecessary to pass upon those points. Judgment of the lower court affirmed.

BARTCH and KING, JJ., concur.