WILLIAM PEPPERS, Appellant, v. A. S. HARRIS ET AL.

Executions: LEVY: CHANGE OF POSSESSION. A valid levy upon personal property contemplates some act of the officer amounting to change of possession, or which is equivalent to a claim of dominion over the property coupled with the power to enforce it, and he must do something which would make him a trespasser but for the protection of the writ.

Chattel mortgages: LIENS: EXECUTION CREDITORS: SUBROGATION. Possession of a chattel mortgage note is not essential to the lien of the mortgage in a controversy with a levying creditor of the mortgagor. And where the execution creditor fails to make written demand for the amount of the mortgagees claim on the property he can not claim the right to subrogation.

Same: IDENTIFICATION OF PROPERTY BY PAROL. It is competent to show by parol that property insufficiently described in a chattel mortgage is the identical property levied upon by an execution creditor of the mortgagor.

Appeal from Monroe District Court.—HON. FRANK W. EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 9, 1910.

ACTION in equity to establish a lien on personal property. There was a judgment for the defendants, from which the plaintiff appeals.—Affirmed.

J. C. Mabry and J. F. Abegglen, for appellant.

F. D. Everett, for appellees.

SHERWIN, J.—In 1905 George B. Harris and Joe S. Dunkin were partners in the livery business in Albia, Iowa, under the firm name of Harris & Dunkin. In March and

April, 1905, the plaintiff obtained judgments against George B. Harris for firm debts, and early in December of the same year executions were issued thereon and placed in the hands of the sheriff for service. Soon thereafter a levy was made on the personal property which is the subject of this controversy. In January, 1905, the firm of Harris & Dunkin, through George B. Harris, executed to the defendant Mrs. A. S. Harris, who is the wife of George B. Harris, a chattel mortgage on the property involved to secure an indebtedness of $950. This mortgage was duly recorded, but the trial court held that the description of the property therein was insufficient to impart constructive notice, and found for the defendant A. S. Harris on the ground that the plaintiff had actual notice of the mortgage before the levy under the executions was made.

The facts connected with the levy are as follows, omitting the date thereof, which is immaterial here: The property was in the livery barn, which was situated on the rear end of the lot upon which George B. Harris and his wife lived, and only a short distance from their house. The officer having the executions, with one of the plaintiff's attorneys, went to the barn, but found no one there. The officer says that he then made a list of the property, and, after doing so, went to the house for the purpose of telling some one that he was going to take the property away. He found the defendant A. S. Harris in the house, and she then told him that she had a mortgage on the property, and that he must not take it. The officer returned to the barn, and at that time took away with him a part of a harness. Later he removed all of the property in question. At the time the officer made the list of the property, as above stated, he did nothing towards taking manual possession of the property or any part thereof. When he left the barn to go to the house, he had done nothing that interfered with the possession of the owners of the property, or that would make him a trespasser, but for the protection .

of his writs. In other words, he had exercised no dominion over the property. And, if a stranger had taken it while the officer was at the house, he would not have been guilty of a violation of law.

It is the rule that, to make a valid levy on personal property, the officer must do something which will amount to a change of possession, or which is equivalent to a claim

**1. Executions: levy: change of possession.**

of dominion over the property, coupled with the power to enforce it. He must do something which would make him a trespasser but for the protection of the writ. *Rix v. Silknitter,* 57 Iowa, 262; *Allen v. McCalla,* 25 Iowa, 464; *Crawford v. Newell,* 23 Iowa, 453; *Techmeyer v. Waltz,* 49 Iowa, 645; *Hibbard v. Zenor,* 75 Iowa, 471.

The appellant also says that the evidence fails to show any indebtedness from Harris and Dunkin to A. S. Harris. In this he is mistaken. The testimony of George B. Har-

**2. Chattel mortgages: liens: execution creditors: subrogation.**

ris shows that the mortgage was given to secure a large indebtedness of the firm to Mrs. Harris. It also appeared that a note was given with the mortgage, and that Dunkin afterwards wrongfully obtained possession thereof. The mere fact that the note was not in the possession of A. S. Harris at the time of the trial would not defeat the lien of the mortgage or her right to the property. If the plaintiff wished to pay the amount of the defendant's claim, he should have followed the method pointed out by the Code (section 3987). Not having done so, he is in no position to now claim the right of subrogation.

The mortgage failed to state that the property covered thereby was the property of Harris and

**3. Chattel mortgages: identification of property by parol.**

Dunkin, or that it was in their possession. It was competent to show by parol that the property described in the mortgage was the identical property levied upon. *Frick v. Fritz,* 115 Iowa,

438; *Ordway v. Kittle,* 83 Iowa, 752; *Plano Mfg. Co. v. Griffith,* 75 Iowa, 102.

The judgment is right, and it is *affirmed.*