MARY B. GUTHRIE, Appellant, v. EDGAR T. WINTERS et al., Appellees.

**LANDLORD AND TENANT:** Rent—Action—Mortgagees—Intervention.  A mortgagee who claims that his unrecorded mortgage is prior in right both to a landlord's claim for rent and to a mortgage clause in the unrecorded lease, may intervene ·in the action for rent and contest the sufficiency of the alleged levy which the landlord claims was made under the writ.

**APPEAL AND ERROR:** Review, Scope of—Matters Inhering in Judgment.  An appellee who stands on the judgment appealed from must submit to review of any finding that inheres in such judgment, even though, in the rendition of such judgment, the trial court radically departed from the pleadings before it.

**LANDLORD AND TENANT:** Rent—Action—Levy—Insufficiency.  The act of an officer, under a landlord's writ of attachment, in posting notices of a levy on the locked doors at the front and rear of a house, after looking at the property through the windows, does not constitute a valid levy on the contents of the house.

**LANDLORD AND TENANT:** Rent—Action—Attachment—Priorities.  The right of a landlord under a mortgage clause in an unrecorded .lease is, in the absence of any valid levy or seizure thereunder, inferior to the right of a prior unrecorded mortgage.

*Appeal from Polk District Court.*—HUGH BRENNAN, Judge.

JUNE 20, 1917.

REHEARING DENIED DECEMBER 14, 1917.

LANDLORD'S attachment. Parties intervened, claiming their mortgages were superior to the lien for rent. Interveners defeated in justice court. A reversal by the district court on writ of error is appealed from.—*Affirmed.*

*Brown & Missildine,* for appellant.

*Miller & Wallingford, Oliver H. Miller,* and *Graeser & Meyer,* for appellees.

SALINGER, J.—I. The appellant, Mary

1. LANDLORD AND
   TENANT: rent:
   action: mortgagees: intervention.

B. Guthrie, leased to the defendants Edgar T. Winters and Mrs. Edgar T. Winters certain premises, by written lease, of date January 24, 1913, to run from January 25th that year to September 25th thereof. It gives justices of the peace jurisdiction up to $300. In addition to the landlord's lien given by statute, the lease gives a lien upon all personal property owned by lessees kept or used on the premises during the term of the lease, whether such property is exempt from execution or not. The W. H. Lehman Company claims that defendant Mrs. Winters gave it a purchase money chattel mortgage upon a piano kept on the leased premises,—gave same before the lease was entered into and before the piano was put into the leased premises,—and that such mortgage remains largely unpaid. The intervener Jacobs also claims that he has an unpaid mortgage on property now on the leased premises, also given before the lease was made. As we understand it, the Jacobs mortgage has not been recorded, but he claims the lessor had knowledge of the execution of the mortgage before the lease was made. The Lehman mortgage was recorded, but subsequent to the time at which the lessor sued out a landlord's attachment to recover $144 rent, and after there was done what lessor claims is a levy of such attachment on the property which Lehman claims under its said mortgage. The justice of

the peace in whose court the suit for rent was instituted, found for the lessor and against the interveners. A writ of error to the district court was sued out, and there the judgment of the justice of the peace was reversed. The district court made this order:

"I find for the interveners and against the attachment for rent, and that judgment be entered accordingly. The lower court reversed."

This is the order from which appeal was taken to the Supreme Court. There is a dispute over what is here to be reviewed. We will settle the dispute by limiting our consideration to such findings of the district court as the record shows, either directly or by necessary inference, were made, and complaint of which is presented to us for review according to the rules of this court.

In thus reviewing, there must be kept in mind that, throughout, appellant raises no question that the mortgages which the interveners assert, exist, and that, as to terms, time of making and time of recording the one that was recorded, the facts are as the interveners' claim. In other words, the only attempt to avoid the mortgages is a claim that, because of the mortgage clause in her lease, lessor has the standing of a purchaser, and had no notice of the mortgage given to either intervener. With this in mind, one complaint made is that the district court erred in finding the interveners had sufficient right in the property to attack the sufficiency of a levy made under the landlord's attachment procured by lessor. The justice of the peace found against the interveners. The district court reverses this, without any statement of why it is done. We should not presume it would have thus reversed and found for the interveners and against the attachment for rent if it had not found that the interveners had some interest in the controversy, and therefore the right to complain of what the

lessor had obtained in justice court. So the first question we have is whether, though the mortgages of the interveners might, in some states of evidence, not be prior to the mortgage clause in the lease, they have the right to attack the levy lessor claims to have made. At the time the claimed levy was made, the Lehman Company had not recorded its mortgage, and that of Jacobs has never been recorded. But when these parties gave notice of their claim, in connection with filing, and filed their petitions of intervention, they advised the lessor of their mortgages as effectively as a record of the mortgages could. Assume that the lessor, on account of the mortgage clause in her lease, has the standing of a purchaser in the application of the recording act. Yet it will be conceded that, if no levy had been made until after the lessor had been advised of the existence of these other mortgages, the holder of these mortgages would have the right to attack a levy thereafter made. If that be so, they certainly have the right to assert, when or after giving notice of the existence of their mortgages, that a levy claimed to have been made upon the property covered by their mortgages was in truth no levy at all. One may intervene who has an interest in the subject matter of the litigation adverse to other parties thereto. Code, 1897, Section 3594. And see *Cooper v. Mohler,* 104 Iowa 301. These interveners had such interest; for, if their claim that there was in law no levy were sustained, it would work that no levy could be made except one made after the lessor was advised of mortgages held by interveners made before the lease was. The effect would be to establish their mortgages to be prior to that of the lessor. It needs no further argument to demonstrate that the trial court did not err in finding that interveners had sufficient right in the property to attack the sufficiency of the alleged levy under writ of attachment. See *Arnold v. Hewitt,* 128 Iowa 671.

II. The remaining question presented

2. APPEAL AND ERROR: review, scope of: matters inhering in judgment.

is whether the district court found that the mortgage clause in the lease created a lien which is prior to that of unrecorded chattel mortgages earlier in date than the mortgage of the lessor, of which unrecorded mortgages the lessor had no notice, and whether, if such finding was made, same is erroneous. The appellee insists the district court had no such question, because review on its part is limited to what is presented by the petition and affidavit for writ of error, and that same present no such question. Assume that is the state of that petition. Concede that the court should not have gone beyond what is presented in that application for its action. But the district court did not confine itself to stating that the justice had committed some specified error, and remanding, but reversed all the justice had done, found against the attachment for rent that the justice had effectuated, found for interveners, and entered judgment accordingly. This is a decision on the merits of the entire controversy. It may be, as appellee says, that this went beyond what had been tendered for decision. But since appellee is claiming under that judgment, it must submit to review of any finding that inheres in such judgment. And, of course, that a judgment was unauthorized has nothing to do with the question of what is found by it. Whatever complaint appellant might make, appellee may not take advantage of this judgment and seek to maintain it, and at the same time insist that, because it should not have had it, we may not determine whether it was right to grant it.

We are unable to escape from the con-

3. LANDLORD AND TENANT: rent: action: levy: insufficiency.

clusion that the court found of necessity that the lien of interveners' mortgages was prior and superior to that of the mortgage asserted by the lessor, appellant. But we are of opinion that, in so finding, the court did not err. The appellant

does not complain because the district court tried the case on the merits. That court had before it the following situation: The Lehman Company and Jacobs had unrecorded chattel mortgages upon certain property belonging to the Winters, part belonging to both and part to the wife alone. The Winters leased premises of the plaintiff by written lease. That lease contained a mortgage upon the same property. It, too, was not recorded. After the lease was made, the property covered by the unrecorded mortgages of Lehman and Jacobs was put upon the leased premises. Thereafter, the plaintiff instituted a suit for rent. In that suit, the lessor was notified that Lehman and Jacobs had said mortgages. If we assume for appellant that, if the mortgaged property had been levied upon under landlord's attachment before the lessor was notified of said two unrecorded mortgages, a mortgage effectuated by her lease would have been prior to the others; and priority had to be settled by determining whether any levy was made before such notice was received. If we must hold that there was no such levy, then it follows that the district court did not err in finding that the Lehman and Jacobs mortgages were prior to the mortgage of the lessor. We have the evidence that the court had before it on that question. It is this:

The constable who made the alleged levy made affidavit that he had endeavored to find the defendants, for the purpose of serving notice of levy and attachment and original notice; that he has been unable to find either of them within the state, and that their whereabouts are unknown to him. He made return that he served the writ of attachment by tacking notices on the doors of the premises leased. In addition, he testified to the conclusion that he "made levy under landlord's writ of attachment," under orders from an attorney for the plaintiff. Coming to his facts, as disclosed by his testimony, what he did was to go around the house, look into a window, see furniture, including a piano and

other household goods, try the doors, and, finding them locked, tack notices of levy on front and back doors; and then comes the further conclusion that he "took possession of house and contents." The attorney who was with him also states that the constable "took possession of house and contents;" but his facts are that he directed the constable to levy, told him not to put padlocks in the doors because the place was the home of the defendant; that he and the constable went around the house, looked into the window, saw furniture, a piano and other household goods within the house; and that the constable tacked notices of levy of attachment on the back and front doors. We cannot be governed by the conclusions of these witnesses. They disclose fully that the conclusion is not sustained by the facts. There was no levy of the writ of landlord's attachment. See *Peppers v. Harris,* 145 Iowa 635; *Bickler v. Kendall,* 60 Iowa 703; *Hibbard, Spencer, Bartlett & Co. v. Zenor,* 75 Iowa 471; and *Rix & Stafford v. Silknitter,* 57 Iowa 262.

4. LANDLORD AND TENANT: rent: action: attachment: priorities.

So finding, the whole matter resolves to this: A landlord desires to keep possession of property subjected to his lien for rent. His adversary has a mortgage upon the same property, superior to the lien for rent. It would seem that, in such situation, the court must necessarily find that, as between the interveners, holders of the mortgage, and the landlord, there must be judgment for the intervener, and a denial of the right to subject said property to the claim for rent. That is what the district court did, and we are of opinion that its action was right, and that, therefore, its judgment must be—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.