CITY FUEL & SUPPLY COMPANY, Appellee, v. NICHOLS ROOFING COMPANY, Appellee; A. P. NICHOLS, Appellant.

MARCH 5, 1929.

*A. L. Steele*, for appellant.

*Brown, Brown & Harvey*, for appellee.

FAVILLE, J.—Each of the parties to this action has had two "tries" to establish a lien upon the Ford truck in question. The appellant held a chattel mortgage upon the Ford truck in question. This mortgage was executed on May 5, 1927, and filed for record on said date. It is not seriously contended but that the acknowledgment of said mortgage was defective, and the recording thereof was not sufficient to impart constructive notice. On November 25, 1927, the appellee obtained a judgment against the mortgagor, the Nichols Roofing Company, in the sum of $90.35 and costs. On December 12, 1927, execution was issued on said judgment, and placed in the hands of the bailiff of said court for service, and on January 21, 1928, the bailiff undertook to levy said execution upon the truck in question. It appears

that on said day the bailiff saw the truck standing on a street in the city of Des Moines, and told the man who was apparently in possession of the truck who he was, and that he had an execution, and would have to take the truck. The party asked him to wait until he could call "the foreman." It does not appear who "the foreman" was. The bailiff testified:

"The foreman came down, and I told him who I was, and I had an execution; and I made out the papers and levied on the truck there. So this foreman started to take the stuff out of the truck, and I told him—I said, 'If you want to, you can drive the truck down to your place and empty the stuff, and we will take it across the street to the Fuel Company.' He said: 'I can't do that, because I have to use this stuff today. I'll tell you what I will do. I know the fellow down to this City Fuel Company, and I will turn the truck over to him tonight, if that will be all right,' he said. I said, 'Well, if I would be sure you would do that, it would be all right.' He said, 'I will be sure and do it,' so I talked a minute, and I told him, 'You go ahead, and I will leave this truck with you, and you turn it over to them tonight;' and he said he would. So I called them up Monday morning, and they hadn't turned the truck over."

The bailiff testified further:

"I did not take the truck until the following Saturday, when I took actual possession of the same."

This would be January 28th. In the meantime, to wit, on January 24th, the appellant's chattel mortgage had been re-acknowledged in proper form, and recorded and indexed on the same date. The question is whether the alleged levy of the officer was legal and valid, and created a lien on the property superior to the chattel mortgage which was properly acknowledged and recorded prior to the 28th of January, when the officer took possession of the truck. Under well recognized and established rules, the levy was not sufficient. In *Whitaker v. Tiedemann*, 200 Iowa 901, we said:

"To make a valid levy on personal property, the officer must do something which will amount to a change of possession, or which is equivalent to a claim of dominion over the property."

This is a well established rule in this state. *Crawford v. Newell*, 23 Iowa 453; *Rix & Stafford v. Silknitter*, 57 Iowa 262; *Bickler, Winzer & Co. v. Kendall*, 66 Iowa 703; *Hibbard, Spencer, Bartlett & Co. v. Zenor*, 75 Iowa 471; *Peppers v. Harris*, 145 Iowa 635; *Guthrie v. Winters*, 181 Iowa 1324.

Applying this rule to the instant case, it must be held that the levy by the bailiff on January 21st did not comply with the legal requirements. In its final analysis, all that it amounted to was that the bailiff saw a truck on the street that belonged to the judgment debtor, and told the person having possession of the truck to keep it, and deliver it to the appellee. This the party having the truck in possession did not do. The bailiff in no way exercised any dominion over the truck. He did not even constitute the party who did have possession of it his agent; he took no receipt for it; he could in no way have been held as a trespasser for anything he did. A valid levy upon personal property of this character cannot be made in this way. The court erred in holding that the levy by the bailiff created a lien on the truck superior to the lien of the appellant's chattel mortgage, which was duly of record before the bailiff in fact took possession of or exercised dominion over the property. The decree appealed from is—*Reversed.*

ALBERT, C. J., and EVANS, KINDIG, WAGNER, and GRIMM, JJ., concur.