# JESSE SPAULDING *et al.*

## *v.*

# JAMES I. MOZIER *et al.*

1. EQUITY—*correction of mistake.* Where personal property is correctly described in a chattel mortgage, but the lot of ground upon which it is situated is misdescribed, such misdescription will be rejected as surplusage, and equity will not take jurisdiction to make a useless correction of the mortgage.

2. EVIDENCE—*parol.* In such a case parol evidence would be admissible to establish the identity of the property, and in this the law affords a full and complete remedy, and it must be sought on the common law side of the court.

3. SALE—*mortgaged chattels on execution.* Where creditors hold an execution against the mortgagor of chattels, they may sell such chattels subject to the lien of the prior mortgage, and equity will not enjoin such a sale.

APPEAL from the Circuit Court of Lake county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

1870.] SPAULDING *et al. v.* MOZIER *et al.* 149

Statement of the case. Opinion of the Court.

This was a bill in chancery filed by Jesse Spaulding and Henry H. Porter, in the Lake circuit court, against James I. Mozier, Joseph F. Hubbel and George H. Bartlett, to correct a mistake in a chattel mortgage, and to enjoin the sale of the property under an execution. The chattel mortgage was executed by Hubbel to Spaulding and Porter on the 16th day of August, 1869, to secure the payment of $619.06, evidenced by two promissory notes, one for $309.53 due in four months from date and the other for the balance of that sum due in six months, both bearing ten per cent interest. The mortgage was duly recorded.

The property was described in the mortgage, as " a certain one and a half story frame building situate on lot number one (1), block number eighteen (18), in the village of Highland Park, county of Lake, and State of Illinois, together with a mortising machine and all other machinery and fixtures therein contained." The bill alleges that the house and property were in fact situated on lot eleven in block eighteen in the said village.

On the 2d day of January, 1870, Mozier recovered a judgment for $859.35 and costs, in the Lake circuit court, and on the 8th day of that month a *fieri facias* was issued thereon, directed to Bartlett, sheriff of that county, who levied it on the property described in the mortgage, and intended to sell the same. The circuit court, on the hearing, dismissed the bill for want of equity, at the cost of complainants.

Messrs. SMITH, UPTON & WILLIAMS, for the appellants.

Mr. O. B. SANSUM, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was filed in the circuit court of Lake county, to correct an alleged mistake in a chattel mortgage, and to enjoin the sale of the mortgaged property under an execution in favor of the appellees.

The property mortgaged is correctly described, but the mistake which is sought to be corrected consists in a misdescription of the lot of ground upon which the property was temporarily situated.

The mistake complained of is wholly immaterial, and the aid of a court of equity can not be invoked to do a useless thing.

That part of the mortgage that designates the property as being then situated " on lot one, block number eighteen, in the village of Highland Park," may be rejected as surplusage, and without it the description of the property conveyed is perfect. The geographical position of the property, at the date of the execution of the mortgage, forms no necessary part of the description of the property itself.

In case a controversy should arise as to the identity of the property, parol evidence would be admissible to identify the property covered by the mortgage.

In *Myers* v. *Ladd,* 26 Ill. 415, parol evidence was held to be competent for such a purpose, and that when the property was so identified consistently with the description in the mortgage, it was sufficient.

After rejecting those words which locate the temporary position of the property at the date of the execution of the mortgage, enough remains to convey the property, and there is therefore nothing for a court of equity to correct, even if it possesses the power to reform such instruments. The law affords the appellants a full and adequate remedy, and whatever rights they may have under the mortgage, they must pursue on the common law side of the court.

It was lawful for the appellees, who were judgment creditors of the mortgagor, to sell the property subject to the mortgage, and there was therefore no reason for the interference of a court of equity on that ground. The bill was properly dismissed.

The decree of the circuit court is affirmed.

*Decree affirmed.*