CUMMINGS v. TOVEY.

1. **Mortgage**: SALE UNDER EXECUTION : BONA FIDE PURCHASER. The sale, under execution, of personal property which was subject to a chattel mortgage executed before the levy, when the sheriff and attorney of the judgment plaintiff had knowledge of the existence of the mortgage, and the purchaser became aware of it before the payment of the purchase money, will not entitle the purchaser, under such circumstances, to protection as a *bona fide* purchaser.

2. ———: ———: LIEN. To enable a purchaser to hold property discharged of a prior lien, he must have paid the purchase money before notice of such lien.

*Appeal from Allamakee District Court.*

TUESDAY, SEPTEMBER 22.

PLAINTIFF alleges that he is the owner, under a chattel mortgage, of a dark brown stallion, eight years old, of the value of $500, and that he is, under the terms of said chattel mortgage,

entitled to the immediate possession of the same. That defendant wrongfully took possession of said horse, and claims the same in virtue of a sheriff's sale under an execution against the property of the mortgagor.

The defendant answered alleging that, on the 27th day of January, 1872, the sheriff, in virtue of an execution in favor of J. S. Upton & Co., against the property of Tollef Tollefson, one of the makers of said mortgage, levied upon said horse, when the property of, and in the sole possession of, said Tollef Tollefson, and sold and delivered the same to defendant, for the sum of one hundred and sixty-seven dollars and sixty-seven cents, on the 5th day of March, 1872; and that defendant purchased the horse without notice, actual or constructive, of the existence of said mortgage, and that the mortgage, at the time of the sheriff's sale, had not been recorded. The cause was tried by the court, and judgment was entered for the defendant. Plaintiff appeals.

*John T. Clark* and *M. V. Burdick*, for appellant.

*Noble, Hatch & Frese*, for appellee.

DAY, J.—The chattel mortgage bears date the 28th day of August, 1867, and was filed for record, September 2d, 1867, and recorded in the proper book of records. It is executed by Tollef Tollefson, William S. Moore and Alonzo F. Moore, and it describes, amongst other property, " three horses, one a dark brown stallion, three years old." The filing for record, and the record itself, describe the property merely as three horses, omitting the remainder of the description.

The attorneys of the plaintiffs in execution had actual knowledge of the mortgage before the sale, and the deputy sheriff, who made the sale, had the mortgage in his hands at the time. The evidence is conflicting as to whether the defendant had actual knowledge of the mortgage before the sale, but he admits that he had such knowledge within one half hour after the sale, and before he had paid anything thereon.

Before the sale, defendant made arrangements with Gran-

1. MORTGAGE: sale under execution: bona fide purchaser.

ger, one of the attorneys of Upton & Co., for a little time on the purchase, if he should buy at the sale.

No part of the bid was paid, until about a week after the sale, and then but forty-three dollars was paid in money, and the balance by the transfer of a note, a part of which is not yet paid.

We need not determine whether the description in the mortgage, as recorded, is sufficient to affect defendant with constructive notice. The attorney of the execution plaintiff and the officer making the sale, both had actual knowledge of the mortgage. They knew that the judgment defendant, the mortgagor, had no interest in the property which could be levied on and sold under execution. *Campbell v. Leonard*, 11 Iowa, 489; *Gordon v. Harding*, 33 Iowa, 550. Their attempt to dispose of the property under execution operated as a fraud upon the mortgagee.

The defendant was advised of the mortgage about half an hour after the sale, before he had paid the purchase price, or in any way changed his situation or condition. It was manifestly his duty then to refuse to complete the sale, or to do anything further to divest the mortgagee of his rights.

As he paid the entire consideration several days after he had knowledge of the mortgage to plaintiff, he cannot claim protection as an innocent purchaser without notice.

In order that a purchaser may hold property discharged of 2. ———: ——: a prior lien or charge, he must have paid the
lien.　　　　purchase money before notice. 1 Story's Equity Jurisprudence, Section 640, and cases cited.

The judgment is erroneous.

REVERSED.