HAYES v. WILCOX.

1. **Chattel Mortgage:** INSUFFICIENT DESCRIPTION. The description of property in a chattel mortgage as "one oscillating thresher, size 6, 30-inch cylinder, and also one Chicago Pitts ten-horse power," *held* too indefinite and uncertain to be sustained as between the mortgagee and a creditor of the mortgagor.

*Appeal from Hardin Circuit Court.*

THURSDAY, OCTOBER 18.

THIS is an action of replevin for one oscillating thersher, size 6, 30-inch cylinder, and one Chicago Pitts ten-horse power. The plaintiff claims the possession of the property by virtue of a chattel mortgage executed to him by one James Hayden, and alleges that the defendant, as sheriff, wrongfully detains said property by virtue of executions in his hands, which he has levied upon said property, against said James Hayden and B. Hayden. The description of property in the mortgage in question is as follows: "One oscillating thresher, size 6, 30-inch cylinder, and also, one Chicago Pitts ten-horse power." The defendant demurred to the petition upon the ground that the mortgage is void as to third parties for want of a definite description of the property. The court sustained the demurrer. The plaintiff refused to amend his petition, and the court rendered judgment for the defendant. The plaintiff appeals.

*W. A. Green,* for appellant.

*Albrook* and *Hardin,* for appellee.

Adams v. Ryan.

DAY, CH. J.—In our opinion the description of the property is too indefinite and uncertain to be sustained as between the mortgagee and a creditor of the mortgagor. The description is equally applicable to any thresher and any horse-power of the size and manufacture referred to. The appellant relies upon *Smith & Co. v. McLean*, 24 Iowa, 322. An important part of the description of the property in that case was, "being the train now in my possession." In that case it is said: "That description which will enable third persons, aided by inquiries which the instrument itself indicates and directs, to identify the property, is sufficient." In *Muir v. Blake*, 57 Iowa, 662, it is said: "It will be observed that in all the cases cited in *Smith & Co. v. McLean*, where the description was held sufficient, the *locus* of the property was described in such way that the instrument itself indicated where the property might be found on inquiry. The mortgage in question contains no such description or indication. As bearing on this question, see *Adams v. Commercial National Bank of Dubuque*, 53 Iowa, 491; *Pennington v. Jones*, 57 Id., 37; *Muir v. Blake* Id., 662; *Eggert and Thoren v. White*, 59 Id., 464. The demurrer was properly sustained.

AFFIRMED.