CLAPP V. TROWBRIDGE.

POMEROY *et al.* V. THE SAME.

1. **Chattel Mortgage**: DEFECTIVE DESCRIPTION: GOOD AS TO CREDITORS WITH ACTUAL NOTICE. While the record of a chattel mortgage which conveys "eleven Smith farm-wagons," without further designation or description, would not impart constructive notice to subsequent purchasers or creditors, yet, where the mortgagor had only eleven such wagons at the time, and ten of them were in controversy between the mortgagee and an execution creditor, and it appeared that the creditor and the sheriff who levied the executions had actual notice of the mortgage at the time of the levy, and that the mortgagee was claiming the property under it, *held* that the mortgage would hold the property notwithstanding the indefiniteness of the description. (Compare *Cummings v. Tovey*, 39 Iowa, 195.)

2. —— : —— : PAROL EVIDENCE TO AID. In an action by a mortgagee of "eleven Smith farm-wagons" to recover ten of them from an officer who had levied upon them with actual notice of the mortgage and the mortgagee's claim thereunder, parol evidence was admissible to prove the number of wagons the mortgagor had in possession when the mortgage was given, and that those in controversy were of that number.

3. **Parties to Action**: ERROR WITHOUT PREJUDICE. An appellant is not entitled to have a judgment against him reversed because the trial court allows a stranger to the original action to be made a party thereto, where no prejudice results therefrom.

4. **Replevin**: JUDGMENT FOR PROPERTY. Where there is judgment for defendant in a replevin suit, he is not entitled to judgment for the property or its value, where it appears that it was never delivered to plaintiff.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

FILED, MAY 26, 1888.

THESE are actions for the recovery of specific personal property. Plaintiffs each claim the property under a chattel mortgage executed by J. F. Loomis. Defendant is sheriff, and he levied on the property

under two executions against Loomis. The causes were tried together in the district court, and were submitted in this court on the same record. Plaintiffs allege in their petition that defendant and the execution creditors had notice of the execution of the mortgages before the levy of the execution. The matters of defense relied on are that the mortgages are void for uncertainty of description, and that they were given with intent to hinder and delay creditors. In the case of Pomeroy and Pomeroy & Pierce there was no evidence tending to impeach the good faith of the mortgage, and the court found that it was valid, and the judgment determines that, as against defendant, the mortgagees are entitled to the property. After that judgment, Clapp was permitted, against defendant's objection, to file an amendment to his petition, making Pomeroy and Pomeroy & Pierce parties to his action, for the purpose of having the question of the priority of the mortgages determined. The court found that the mortgage to Clapp was fraudulent, and conferred no rights as against the creditors of Loomis ; but he also found that no part of the property was delivered to him under the writ of replevin, and gave defendant judgment against him only for costs. Defendant appeals from both judgments.

*J. E. Weaver*, for appellant.

*Macy & Gammon* and *D. O. Stuart*, for appellees.

REED, J.—I. As the district court found that Clapp's mortgage was fraudulent and void as against

1. CHATTEL mortgage: defective description: good as to creditors with actual notice.

the creditors, we need not inquire as to its validity in other respects. The description contained in the other mortgage is as· follows : "Nine sixteen-inch Pekin plows, six Newton cultivators, one Farmers' Friend corn-planter, one Bradley stalk-cutter, eleven Smith farm-wagons, four Ketchum farm-wagons, two fanning-mills, one stirring-plow." The property involved in the action is ten Smith and Ketchum farm-wagons. That the record of the mortgage would not have

imparted constructive notice to subsequent purchasers or creditors is certainly true. But the court found that both defendant and the execution creditors had actual notice, before the levy, of the existence of the mortgage, and that plaintiffs were claiming the property under it. There was no special finding to that effect, it is true. But the general finding that plaintiffs are entitled to the possession of the property necessarily implies a finding of those facts, and there was evidence tending to prove them. Appellant contends that the evidence did not warrant such finding; but it is sufficient to say, in answer to that position, that the finding is not without support, and, under the well-settled rule, we cannot interfere with it. The case, then, as to this question, depends upon whether, as between the parties to it, the mortgage is void for uncertainty. If A., being the owner of but one wagon, should execute a mortgage or bill of sale of a wagon to B., but not otherwise describing or identifying it in the instrument, there probably would be no doubt but it would be held to apply to the one he had in possession at the time of its execution. It would, as between the parties, be held to be a valid sale or mortgage of that particular article; for it could not be presumed that it was the intention of the parties that the instrument should be without effect. And, as against an adverse claimant who took with actual notice of the transaction, the grantee would have the same rights as against the grantor. If the instrument covered a less number of articles than the grantor had in possession, it may be that a different rule would obtain; but there are respectable authorities holding that in that case the grantee would have the right of selection. *Call v. Gray*, 37 N. H. 428; *Heyward's Case*, 2 Coke, 37. In the present case it was shown that Loomis, when he gave the mortgage, had in possession but eleven Smith and four Ketchum wagons, and that those in controversy are of that number. The case is the same, then, as though he had had but a single wagon, and the mortgage had covered but one. In cases in which we have held instruments of this character void, as against creditors or

subsequent purchasers, because of the uncertainty of description, the question was whether the record of the instrument was sufficient to impart constructive notice, and they are not applicable to the question now before us. The instrument involved in *Cummings v. Tovey*, 39 Iowa, 195, contained a description quite as uncertain as the one in question, but the adverse claimant had actual notice of its existence and the rights claimed under it, and the claim of the grantee was sustained.

II. Appellant assigns as error the ruling of the district court admitting parol evidence to prove the number of wagons Loomis had in possession when the mortgage was given, and that those in question were of that number. If the controversy had been between plaintiff and Loomis, there could have been no question as to the admissibility of the evidence. As defendant and the creditors had actual notice of plaintiff's claim when the property was seized, they are in the same position Loomis would have occupied if he had been contesting plaintiffs' right under the mortgage.

*2. ——: ——: parol evidence to aid.*

III. Complaint is made of the action of the court in permitting Pomeroy and Pomeroy & Pierce to be made parties to the other action. But defendant suffered no prejudice from that action. It neither delayed nor affected the determination of the questions which he was interested in having determined.

*3. PARTIES to action: error without prejudice.*

IV. Appellant also contended that he was entitled to judgment against Clapp for the value of the property, or its return, on the finding that the mortgage under which he claimed was fraudulent. That would have been true if any part of the property had been delivered to Clapp under the writ of replevin; but, as stated above, the court found that no portion of it had been delivered to him, and that finding is sustained by the evidence. We find no ground for disturbing the judgment.

*4. REPLEVIN: judgment for property.*

AFFIRMED.