Plano Mfg. Co. v. Griffith.

# Plano Manufacturing Co. v. Griffith.

1. **Chattel Mortgage**: INSUFFICIENT DESCRIPTION : PAROL EVIDENCE TO AID : ACTUAL NOTICE. A chattel mortgage which describes the property as " one six 1-2 foot cut Plano harvester and binder," without more, is insufficient to charge third parties with notice ; but where the mortgagee, as in this case, seeks to recover of a constable for levying upon and converting the mortgaged property, and it is shown that the execution plaintiff had actual notice of the mortgage and of the property claimed under it, *held* that parol evidence might be introduced to identify the property, and that the mortgage itself was then admissible in evidence. (See opinion for cases followed and distinguished).

2. ——— : ——— : LEVY ON PROPERTY : DAMAGES : EVIDENCE OF LEVY. In an action by a mortgagee of chattels against a constable for levying upon and converting the property, where the court has held that the mortgage is void, and judgment is rendered for defendant, it is no ground for the affirmance of the judgment on appeal that plaintiff failed to prove the levy and sale of the property ; for to have done so would have been of no avail.

*Appeal from Wright District Court.*—HON. D. D. MIRACLE, Judge.

## FILED, SEPTEMBER 7, 1888.

THE defendant, who is a constable, levied an execution in favor of Minor & Jones and against one Shaver, upon a harvester and binder. Plaintiff brought this action to recover the value of the machine under a chattel mortgage executed by Shaver to plaintiff. There was a trial by jury, and a verdict and judgment for defendant. Plaintiff appeals.

*Weber & Rogers* and *R. H. Whipple*, for appellant.

*Nagle & Birdsall*, for appellee.

ROTHROCK, J.—I. The mortgage upon which the plaintiff relied was indefinite in its description. It

Plano Mfg. Co. v. Griffith.

1. CHATTEL mortgage: insufficient description: parol evidence to aid: actual notice.

described the mortgaged property as "one six 1-2 foot cut Plano harvester and binder." It contained no other words of description. That this description was insufficient to charge third persons with constructive notice of the mortgage there can be no question. See *Hayes v. Wilcox*, 61 Iowa, 732 ; *Rhutasel v. Stephens*, 68 Iowa, 627 ; *Ormsby v. Nolan*, 69 Iowa, 130 ; and many other cases in this court. In all these cases the question arose between the mortgagee and persons who acquired rights from the mortgagor as purchasers, or attaching or execution creditors, and it was held that the mortgagee could not by parol evidence add to the mortgage by showing what property was intended to be included therein. It has also been held that this rule excluding parol evidence has no application, and that such a mortgage is not void for indefiniteness, as against the mortgagor or his attaching creditor having actual notice of the mortgage and of the property claimed under it. *Clapp v. Trowbridge*, 74 Iowa, 550. The plaintiff in this case introduced parol evidence which tended to show that long before the execution was levied one of the members of the firm of Minor & Jones had actual notice that promissory notes were taken of Shaver by the plaintiff for the harvester and binder, and that he had given the plaintiff a mortgage on the same to secure the payment of the notes. Other evidence was introduced by plaintiff, which tended to identify the machine levied upon by the defendant as the same one sold by the plaintiff to Shaver. Thereupon the plaintiff offered the mortgage in evidence. The defendant objected upon the ground, in substance, that the mortgage was void for want of a sufficient description of the property. The objection was sustained. Thereupon the defendant requested the court to instruct the jury to return a verdict in his favor, which was done.

I. Under the rule announced in *Clapp v. Trowbridge*, *supra*, the exclusion of the mortgage as evidence was erroneous. The cited case is exactly in point. See, also, *Cummings v. Tovey*, 39 Iowa, 195. We are aware

that mortgages like the one under consideration have been said to be void, and it is contended by counsel for appellee that, if void, no validity can be imparted to them by the introduction of parol evidence. It will be observed that in all the cases relied upon by appellee the contest was not between the mortgagee and mortgagor, or one having actual notice of the mortgage. In the case of *Barr v. Cannon*, 69 Iowa, 20, the question as to the effect of actual notice of a defective mortgage was not really in the case, and it is apparent that what is said in reference thereto in the opinion was in the way of argument only. In *Ormsby v. Nolan, supra,* the question is neither determined nor discussed in the opinion.

II.   It is claimed by the appellee that the judgment should be affirmed because the record does not show

2. ——: ——:
levy on prop-
erty: dam-
ages: evidence
of levy.

that the defendant ever levied upon or sold the harvester and binder. This cannot avail appellee. It would have been a work of supererogation for appellant to introduce evidence that defendant seized and sold the harvester after it was determined by the court that the plaintiff's mortgage was void, and that no right could be asserted thereunder. For the error in excluding the mortgage from the consideration of the jury, and directing a verdict for the defendant, the judgment is

REVERSED.