AMERICAN WELL WORKS v. WHINERY *et al.*

**Chattel Mortgage:** INSUFFICIENT DESCRIPTION : ATTACHING CREDI-
TORS WITH ACTUAL NOTICE.   Although a recorded chattel mortgage
may be insufficient to impart constructive notice, on account of
the defective description of the property, it is still good as against
subsequent attaching creditors who had actual notice of it when
the attachment was made. ( *Clapp v. Trowbridge,* 74 Iowa, 550,
and *Plano Manuf. Co. v. Griffith,* 75 Iowa, 102, *followed.*)

*Appeal from Hardin District Court.*—HON. S. M.
WEAVER, Judge.

FILED, DECEMBER 22, 1888.

THE plaintiff commenced an action in attachment
against the defendant Whinery.   Certain personal prop-
erty was attached.   The defendants Chapin & Lundy
intervened in the action, and claimed the property under
chattel mortgages made by Whinery to them.   There
were demurrers to the petitions of intervention, which
demurrers were sustained, and the intervenors appeal.

*H. L. Huff,* for appellants.

*Albrook & Hardin,* for appellee.

ROTHROCK, J.—The demurrers are upon the ground
that the description of the property in the chattel mort-
gages is so indefinite as that the instruments are void
for uncertainty, and impart no notice to any one.   It is,
however, averred in the petitions of intervention that
the attaching plaintiffs, at the time they caused the
chattels to be attached, had actual notice that the iden-
tical property attached was covered by the chattel
mortgages, and that the intervenors had a lien thereon.
It is conceded in argument by appellant that the mort-
gages did not impart constructive notice to the plaintiffs.
The question to be determined is whether it is competent

to allege and prove that the plaintiffs had actual notice. This precise question was determined by this court in the case of *Plano Manuf. Co. v. Griffith*, 75 Iowa, 102. It was there held that where an execution creditor had actual notice of a mortgage upon property, it was not void as to him upon the ground that the description of the property in the mortgage was insufficient for the purpose of constructive notice.    See also *Clapp v. Trowbridge*, 74 Iowa, 550.    It is due to the learned district judge, who determined this case, to say that the opinions in the above cited cases were filed since the ruling upon the demurrer in the case at bar.

REVERSED.