## LUCE v. MOOREHEAD *et al.*

1.  **Chattel Mortgage of Growing Crops : INSUFFICIENT DESCRIPTION : ACTUAL NOTICE TO PURCHASER OF LAND.** The owner of land, after mortgaging his growing crops, sold the land, while the crops were still growing, to plaintiff, and then took a lease of the land from her. Conceding that the description of the property in the mortgage was so indefinite that the record of it did not impart constructive notice to third persons, yet, since it appears that plaintiff had actual knowledge of it, and of the property which it was designed to cover, *held* that the claim of the mortgagee to the crops was good as against her. (See opinion for cases cited.)

2.  —— : **NOTICE TO PURCHASER OF LAND : EVIDENCE.** To prove actual notice to the plaintiff, in such case, of the mortgage in question, defendant was permitted to introduce in evidence several mortgages executed by the mortgagor, to persons not parties to the action, for crops grown on the land. *Held* that in this there was no error, because the evidence tended to show that, during the negotiations resulting in the conveyance to plaintiff, she was fully advised of such mortgages, and of the uses to which the crops were devoted ; wherefore the mortgages, and what was said about them during the negotiations, became material.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, MAY 13, 1889.

ACTION to recover the value of certain corn alleged to have been wrongfully converted by defendant George P. Moorehead to his own use. R. B. Hillis intervened. There was a trial by jury, and a verdict in favor of defendant as against the plaintiff, and in favor of the intervenor as against defendant. Judgment was rendered in accordance with the verdict. Plaintiff appeals.

*H. H. Roadifer* and *J. W. Barnhart*, for appellant.

*S. H. Cochran*, for appellee.

ROBINSON, J.—On the third day of April, 1886, Ira E. Lake executed and delivered to defendant Moorehead, to secure the payment of a promissory note for two hundred dollars, a mortgage upon certain stock, and also upon "all crops growing and to be grown on the west half of the northwest quarter of section nine, township eighty-one, range forty-one. At that time Lake owned the land described, and had planted eight or ten acres of it to wheat. Between the eighth and sixteenth days of May, 1886, he planted thereon the corn from which the crop in controversy grew. On the eighteenth day of May, 1886, he sold and conveyed the land to plaintiff, and received from her a lease of the same and other land for the term of three years. Of the rents provided for by the lease four hundred dollars was due, and payable on the first day of February, 1887, but has not been paid. Lake delivered to Moorehead, to pay the indebtedness secured by the mortgage to him, about or during the month of January, 1887, six hundred and ninety-seven bushels of corn raised during 1886 on the land last described in the Moorehead mortgage, and eighty-five bushels raised on the other land described in the lease, to-wit, the east half of said quarter section. Intervenor Hillis held a mortgage on all corn grown on the land described, and claimed and recovered judgment for the eighty-five bushels of corn raised thereon and delivered to Moorehead as aforesaid. On a former submission of

Luce v. Moorehead.

this cause an opinion based in part upon a misapprehension of some of the facts involved was filed.  A rehearing was granted, and the cause has been again submitted for our determination.

I.  It is contended by appellant that the mortgage to Moorehead was void as to the corn in controversy for

1. CHATTEL mortgage of growing crops: insufficient description: actual notice to purchaser of land.

uncertainty of description; and the cases of *Pennington v. Jones*, 57 Iowa, 37; *Engert v. White*, 59 Iowa, 464; and *Barr v. Cannon*, 69 Iowa 20, are relied upon as supporting her claim.  In the case first named the description in the mortgage was "about fifty acres of wheat; twenty acres of oats; also twelve acres of barley, and twenty acres of corn; also two acres of buckwheat, to be sown and raised on the land leased of Barber, McDowell & Co."  This court held the description insufficient as against third persons because the mortgage did not state that the crops were to be grown on the leased premises, nor that all the crops to be grown for a specified number of years were mortgaged.  In the second case named, the mortgage described the property as "all and the entire crop of flax and wheat and other grain or produce raised on the east half," etc.  The description was held to be too indefinite and uncertain because it did not describe or refer to crops growing when the mortgage was executed, and for the further reason that it did not appear when the crops were "raised." In the third case cited, the property described was "all the grain, oats, wheat, flax and corn raised" on certain land.  The description was held to be insufficient because it failed to state the year or time in which the grain was to be raised.  It has been held by this court that, where the description in a chattel mortgage is so indefinite and uncertain that the recording thereof will not impart constructive notice, yet such a mortgage is not void, but, on the contrary, is good as to all persons having actual notice of its existence, and the intent as to the property which it was designed to include. *Plano Manuf. Co. v. Griffith*, 75 Iowa, 102; *Clapp v. Trobridge*, 74

Iowa, 550; *Cummings v. Tovey*, 39 Iowa, 195. The mortgage in this case described "all crops growing and to be grown" on the land specified. The description was much more accurate than those in the cases relied upon by appellant. The evidence tended to show that she had actual knowledge of the mortgage, and that it was designed to cover the crop in controversy when she purchased the place and executed the lease to Lake, and the jury were authorized to find that such was the fact. The corn which produced that crop was growing when the purchase from Lake was effected by appellant. Under these circumstances, the mortgage was good against appellant, even if it be conceded that the description was defective, but that we do not determine.

II. Complaint is made that defendant was permitted to introduce in evidence several mortgages executed by Lake to persons not parties to this action, for crops grown on the land leased by him from appellant during the year 1886, and for other property. Some of the evidence tended to show that during the negotiations which resulted in the conveying of that land to appellant, her agent in the transaction was furnished with a statement showing the indebtedness of Lake, the mortgages he had given, and the names of the mortgagees, and that appellant had full knowledge of such mortgages and of the uses to which the crops were devoted. In view of these facts, it was proper to prove what was said about the mortgages while the negotiations were being had. The mortgages in question were so far made a part of the negotiations that their introduction in evidence was proper:

2. ——: notice to purchaser of land: evidence.

III. The mortgage of intervenor Hillis was recorded in the chattel mortgage records. The sufficiency of the description is not questioned, but it is urged that the record thereof did not impart constructive notice to appellant, therefore that she is entitled to recover the value of the corn raised on the east eighty, which was mortgaged to intervenor. But

SAME as number 1.

Luce v. Moorehead.

the evidence shows without contradiction that her attorney examined the chattel mortgage records before her transaction with Lake was closed, and stated to her "the tenor and effect of the chattel mortgages." That she had actual notice of the mortgage to Hillis cannot be seriously questioned. The verdict and judgment as to the property included therein was correct as to appellant.

IV. Other questions presented by argument of counsel need not be determined. We reach the same conclusion which was announced on the first submission, although on a somewhat different statement of facts.

AFFIRMED.