WALTER ORDWAY, Appellee, v. L. D. KITTLE, Appellant.

Execution : CLAIMS OF THIRD PARTIES: CHATTEL MORTGAGES: UNCERTAINTY IN DESCRIPTION.

*Appeal from Monona District Court.*—HON. C. H. LEWIS, Judge.

WEDNESDAY, OCTOBER 14, 1891.

REPLEVIN to recover the possession of certain cattle. There was a verdict, and a judgment thereon, for the plaintiff. The defendant appeals. *Affirmed.*

*M. B. Baily* and *Charles MacKenzie,* for appellant.

*McMillan & Kendal* and *L. R. Bolter & Sons,* for appellee.

BECK, C. J.—I. The plaintiff held a chattel mortgage executed by Wood upon certain cattle owned by him. One Jones recovered a judgment against Wood, upon which an execution was issued and delivered to the defendant, the sheriff of the county, who levied it upon the cattle in question. Thereupon, the plaintiff commenced this action to recover the cattle, claiming the right to hold them under the mortgage.

II. It is not disputed that the chattel mortgage is void for uncertainty in the description of the property. But the plaintiff herein insists that, as the plaintiff in execution, Jones, levied upon the property, and his agent and attorney, before the levy, had actual notice of the mortgage, and that the plaintiff claimed to hold the property under it, the instrument, though uncertain and indefinite, is valid as between the parties, and gives to the plaintiff the right to the property as against the execution. *Clapp v. Trowbridge,* 74 Iowa, 550; *Plano Mfg. Co. v. Griffith,* 75 Iowa, 102. Counsel for the defendant maintain that there was no sufficient evidence to authorize the jury to find that the plaintiff in execution, or his agent, had notice of the mortgage, and of the plaintiff's claim under it, and that the district court erred in overruling a motion for a new trial based upon that ground. We think the evidence on this point sufficiently

supports the verdict. At all events, it cannot be said that there was such lack of evidence as to authorize the conclusion that the verdict is the result of passion or prejudice. The agent of the plaintiff in execution had in his possession a copy of the mortgage, and claimed that it was insufficient. It sufficiently appears that he knew the plaintiff claimed the property under that mortgage.

III. The district court admitted the mortgage in evidence over the objection of the defendant's counsel, based upon its uncertainty. The abstract shows that the mortgage was admitted "subject to proof of actual notice." Actual notice being shown, the mortgage became valid between the parties. The court rightly admitted the mortgage in evidence upon the offer to follow it with proof of actual notice, which was doubtless made. It would be difficult to show actual notice of the mortgage until it was in evidence. At all events, it was properly admitted, subject to proof showing its validity as between the parties.

These views dispose of all the questions discussed by the defendant's counsel. The judgment of the district court is AFFIRMED.