WARREN GAMMON, Appellant, v. GEORGE W. Bull *et al.,* Appellees.

Chattel Mortgages: DESCRIPTION: PRIORITY OF LIENS.

*Appeal from Carroll District Court.*—HON. J. H. MACOMBER, Judge.

MONDAY, OCTOBER 24, 1892.

ACTION in equity to recover the amount of certain promissory notes, and to foreclose certain chattel mortgages. From a decree giving him but a part of the relief demanded the plaintiff. appeals.—*Modified and Affirmed.*

*F. M. Powers* and *H. E. Long,* for appellant.

No appearance for appellee.

ROBINSON, C. J.—Two of the four notes upon which this action was brought were given on the third day of June, 1889, by the defendant, George H. Bull, to the defendant O. W. Carpenter, for the sum of one hundred and sixty-six dollars each, with interest thereon at ten per cent. per annum. One was payable on the first day of September, and the other on the first day of January, after their date, and both were secured by a chattel mortgage. The notes were assigned without recourse by Carpenter to the plaintiff, and the mortgage transferred, about the thirtieth day of August, 1889. The notes are unpaid, excepting the sum of ninety-five dollars, paid on the one first due on the twentieth day of February, 1890. On the twenty-first day of August 1889, Bull made to the Cutter & Proctor Stove Company his two notes for one hundred and four dollars each, payable one year after their date, with interest at the rate of ten per cent. per annum. Those notes are now owned by the plaintiff, and are unpaid. On the twentieth day of February, 1890, Bull gave to the plaintiff, to secure the payment of the four notes described, a mortgage on certain personal property, including "a two-thirds interest in the crops, of whatever kind, to be raised or grown upon the southwest quarter of section 24, Newton township, Carroll county, Iowa, during the season of 1890." The plaintiff demands the foreclosure of the two mortgages described. The defendants allege that the second mortgage is void, because executed under duress, and claim that the defendant Martha, wife of George H. Bull, leased the premises described for the year 1890, and that her husband had no interest whatever in the crops raised thereon in that year. The defendant Carpenter claims a landlord's lien upon the crops for the year named. He also claims liens superior to those of the plaintiff upon a portion of the property in controversy under chattel mortgage notes executed thereon, and recorded as follows: One dated December 15, 1888, to secure the payment of one hundred dollars and interest at ten per cent., due on the fifteenth day of December, 1889; one dated August 21, 1889, to secure the payment of one hundred and thirty-two dollars and fifty cents and interest at ten per cent., due November 1, 1890; one dated October 7, 1889, to secure the payment of sixty dollars and interest at ten per cent., payable on the same date. But a small part of these notes has been paid. The district court found and adjudged that the crops of 1890 belonged to Mrs. Bull, that the mortgage taken by the plaintiff was subject to any claim which Carpenter had in the property mortgaged; and that his three mortgages were senior to that taken by the plaintiff, and that the plaintiff, under his mortgage, had liens senior to all the claims of the defendants upon certain property specified. Judgment was rendered in favor of the plaintiff and against Bull for five hundred and eight dollars and twenty-seven cents and attorney's fees and costs, and in favor of Carpenter, and against Bull, on the three mortgage notes for two hundred and eighty-seven dollars and fifteen cents and an "attorney's fee taxed at ———— dollars." The foreclosure of the respective mortgages was also decreed. The defense of duress, pleaded to the mortgage of February 20, 1890, was necessarily found not to have been established, and, as the defendants do not appeal, will not be further considered.

I. The mortgage assigned by Carpenter to the plaintiff included the crops for the year 1889 on the southwest quarter of section 24, in Newton township, Carroll county, Iowa. The appellant complains of the decree because it does not foreclose the mortgage as to such crops. The evidence shows that oats and corn were raised on the premises for the year specified, but it also shows that the same have been sold, fed or seeded, and that none of it remained when the trial was had in the district court. It would have been a vain thing to decree a foreclosure as to property which had ceased to exist.

II. The land described is owned by Carpenter, and was occupied and farmed by Bull, under a lease from Carpenter, during the years 1888 and 1889. In the fall of the last-named year Bull plowed a portion of the land for the crops of 1890. He and his family remained upon the farm until the seventh day of April, 1890, when Carpenter insisted upon making a lease to Mrs. Bull for the place. The lease was accepted, and it is claimed that the farm was carried on thereafter by Mrs. Bull. Carpenter claims that he never leased the farm to Bull for the year 1890, but we think the preponderance of the evidence shows that he did so lease it, although he coupled with the lease a condition that the crops should not be mortgaged. When the lease of April 7, 1890, was given, nothing had been planted for that year, although a part of the ground was ready for seeding with oats. A few days after the lease was given that part of the farm was seeded with oats from the crop of 1889, upon which the plaintiff had a mortgage. The oats were so used with the permission of the plaintiff, although without doubt he expected that his second mortgage would become a lien upon the crop to be grown from them. The course of Bull and his wife, if voluntary, and considered alone, might be regarded as fraudulent, and for the purpose of hindering and delaying the plaintiff, but the lease to Mrs. Bull was not made by their request, nor at their suggestion. Carpenter appears to have insisted upon it for reasons personal to himself. Bull had at the time acquired certain rights as tenant at will, but he acquiesced in the lease to his wife, and thereby surrendered any right he held to retain possession of the premises. As he had no right to the crops raised on the farm for the year 1890, the plaintiff acquired no interest therein by virtue of his mortgage.

III. The appellant attacks the three mortgage notes of Carpenter on the ground that the descriptions therein contained are so defective that the record thereof does not impart constructive notice of the mortgagee's interest; and the further objection is made to one of the mortgages that the notary who took the acknowledgment failed to authenticate his certificate with his official seal. The mortgages are shown to have been duly executed, and they were good as between the parties to them and as against all who had due notice of them. *Clapp v. Trowbridge*, 74 Iowa, 550; *Plano Mfg. Co. v. Griffith*, 75 Iowa, 102; *American Well Works v. Whinery*, 76 Iowa, 400. The description of the property included in the mortgage of February 20, 1890, closes with the following: "Also all increase in the above-described stock, subject to the rights of Orrin Carpenter." The evidence shows that at the time the mortgage was executed there was

some conversation between the plaintiff and Bull in regard to a mortgage held by Carpenter on some of the property which the plaintiff wished to have included in the mortgage, and Bull objected to including it, for fear he might become criminally liable for so doing. There was some dispute in regard to what was said as to the property mortgaged to Carpenter, the appellant contending that but two cows were mentioned. He states that Bull told him he had two cows and a calf; that he did not think there was any mortgage on the calf, but was not sure, and thought there was a mortgage on one of the cows, and perhaps on both; that the plaintiffs told Bull, if he would include the cows in the mortgage, a clause should be inserted making it subject to the rights of Carpenter. The clause actually inserted, however, is much broader than the one which the plaintiff claims was agreed upon, and makes the entire mortgage subject to the rights of Carpenter. The preponderance of the evidence shows that other property than the two cows was mentioned as possibly mortgaged to Carpenter, and we are satisfied that the clause making the mortgage subject to his rights was inserted for the purpose of fully protecting Bull, and that it was not the intent of the parties to interfere with any rights which Carpenter held. The language used, although not in the best form, authorizes that interpretation, and it will be given that effect. As his rights were reserved by the terms of the mortgage, it is immaterial whether they were fully disclosed by the record or not. They will be fully protected when ascertained.

IV. The mortgage of February 29, 1890, includes "one red bull calf, about four months old," for which no provision is made in the decree. The answer alleges that it belongs to Mrs. Bull, but there is no evidence to that effect. It is not included in any of the mortgages to Carpenter, and the plaintiff is entitled to have it sold to satisfy his mortgage. It is claimed that, as the mortgage to the plaintiff includes the increase of the mortgaged property, while those to Carpenter do not, the decree should have provided for the sale of such increase. Our attention has not been called to any evidence showing that there has been any increase. As that was a class of property not in existence when the mortgage was executed, the burden was upon the plaintiff to show what increase, if any, there has been, and, as he has not shown that there has been any, we will presume that there is none, and that the decree of the district court in that respect is right.

V. The mortgage of February 20, 1890, includes "one bay horse, nine years old, named Charlie." One of the mortgages to Carpenter includes "one brown horse, nine years old, named Charlie." The district court found that Carpenter's mortgage on "one brown horse, nine years old, named Charlie," was superior to the mortgage to the plaintiff. It is contended that the court erred in not also finding that the plaintiff was entitled to a decree of foreclosure as to "one bay horse, nine years old, named Charlie," for the reason that there is no extrinsic evidence showing that the two descriptions apply to one horse. The mortgage to Carpenter was given December 15, 1888, while that to the plaintiff was given more than fourteen months later. We think there was sufficient

discrepancy in time and description to justify the conclusion, in the absence of other evidence, that the mortgages referred to different horses. Bull testifies that there are only three horses on the place, and that "neither of those three horses are in these two mortgages," but what mortgages he refers to is not shown. Each of three of the five mortgages in suit include one or more horses. Moreover, it is not shown that the horse claimed by the plaintiff is kept on the place occupied by Bull.

VI. The form of the decree of the district court provides for an attorney's fee to be taxed in favor of Carpenter, but, as the blank for the amount is not filled out, it may be presumed that such a fee was not in fact taxed, for the reason that, as no affidavit for an attorney's fee was filed by Carpenter, an allowance in his favor of one would have been erroneous. The decree of the district court is so far modified as to direct the sale of the bull calf and one bay horse, named "Charlie," for the satisfaction of the appellant's claim against Bull, and affirmed in other respects. MODIFIED AND AFFIRMED.