## CROW v. ZOLLARS, Sheriff.

A mortgage of "ten head of steers past two years old; eight head of heifers past two years old; fifteen head of steers and heifers mixed, one year old past; fifteen calves coming one year old next spring; all of the above described stock branded L E G—L on shoulder, E on side and G on hip" is good between the parties and others having actual notice thereof, the mortgage including all property of the kind described owned by the mortgagor when it was executed.

(Opinion filed Oct. 18, 1898.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action by Elmer F. Crow against Lafayette Zollars, as sheriff of Pennington county, for the alleged conversion of certain personal property. From a judgment directing a ver dict for defendant, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Schrader & Lewis,* for appellant.

Where the instrument is silent as to the location of the property mortgaged, the presumption is that the property is situate in the county where the mortgage was executed.    Cobbey Chattel Mortgage, Sec. 179; Adams v. Hill, 10 Kan. 627; Broch v. Barr, 30 N. W. 652; Scrofford v. Gibbons, 24 Pac. 968; Wells v. Wilcox, 28 N. W. 29; Estes v. Springer, 47 Mo. App. 99; Peters v. Parsons, 18 Neb. 191; Jordan v. Hamilton Co., 11 Neb. 503; Eddy v. Caldwell, 7 Minn. 225; Shelhammer v. Jones, 54 N. W. 263.

A mortgage is good as between the parties and as against persons having actual notice thereof though the description therein is so defective as not to give constructive notice.    Cobbey, 186; Gammon v. Buell, 53 N. W. 340; Plow Mfg. Co. v. Griffith, 39 N. W. 214; Cole v. Green, 42 N. W. 304; Clapp v. Trowbridge, 38 N. W. 411.

If a description will enable third parties, aided by inquiries which the mortgage itself suggests to identify the property, it is sufficient.    Jones Chat. Mort. § 54; Cobbey on Chat. Mort. § 155.

The mortgage must show upon its face that the property mortgaged is a part of a still larger number in order to be open to the objection of insufficiency of description.    Bank v. Emery, 15 S. W. 23.

No brief for respondent.


HANEY, J.   This is an action of conversion against the sheriff for seizing and selling certain personal property under an execution upon which plaintiff claims a lien as mortgagee.

The trial court held the mortgage to be invalid because of uncertainty in the description of the property, refused to receive it in evidence, and directed a verdict for defendant.

The mortgage was duly executed, and filed in the county where the property was situated and the parties resided when it was executed and at all times referred to herein. The property involved in this action is thus described: "Ten head of steers past two years old; eight head of heifers past two years old; fifteen head of steers and heifers mixed, one year old past; fifteen calves coming one year old next spring; all of the above described stock branded L E G—L on shoulder, E on side, and G on hip." It is recited in the mortgage that the mortgagor is a resident and ranchman of the county of Pennington, and stipulated therein that any attempt on the part of the mortgagor to remove any of the mortgaged property from that county shall entitle the mortgagee to take immediate possession and proceed to foreclose; such foreclosure proceedings to be conducted in Pennington county. When the introduction of the mortgage was refused, other evidence had been received tending to prove that the mortgage included all of the property of the kind described therein owned by the mortgagor when it was executed, and that the creditor under whose execution defendant levied had actual notice of its existence. Whether or not the description of the property in this mortgage is sufficient to impart record notice, we think the mortgage was valid as between the mortgagor and mortgagee, and valid as to third parties having actual notice. Clapp v. Trobridge (Iowa) 38 N. W. 411; Manufacturing Co. v. Griffith (Iowa) 39 N. W. 214; Cole v. Green (Iowa) 42 N. W. 304; Gammon v. Buel (Iowa) 53 N. W. 340. The court below erred in excluding the mort-

gage and in directing a verdict for defendant. The judgment is reversed and a new trial ordered.