Argued 10 November; decided 5 December, 1898.

REINSTEIN v. ROBERTS.

[55 Pac. 90.]

1. CHATTEL MORTGAGE AS EVIDENCE OF OWNERSHIP.—A chattel mortgage after default is admissible in evidence to support an averment of ownership and right of possession in the mortgagee in a complaint in replevin by the latter, since a chattel mortgagee then has a qualified ownership, and may prove it under an allegation of absolute ownership: *Moorhouse* v. *Donaca*, 14 Or. 430; *Case Machine Co.* v. *Campbell*, 14 Or. 460, and *Marquam* v. *Sengfelder*, 24 Or. 2, approved.

| 34 | 87 |
| 38 | 516 |
| 34 | 87 |
| 42 | 239 |
| 34 | 87 |
| 43 | 570 |
| 43 | 575 |
| 43 | 595 |
| 34 | 87 |
| 45 | 498 |
| 34 | 87 |
| f48 | 560 |

2. DESCRIPTION IN CHATTEL MORTGAGE—PAROL EVIDENCE.—A chattel mortgage on a crop of hops described as growing upon three parcels of land situated upon a part of a donation land claim which is referred to by the name of the claimant, the number of the notification and claim, and its township and range, is sufficiently definite in description, as between the parties thereto, to let in parol testimony to identify the property and prove the ownership, in view of the fact that under the Oregon donation laws a person can obtain but one gift of land from the government, and a partial description by metes and bounds may be regarded as surplusage.

3. PAROL EVIDENCE—CHATTEL MORTGAGE.—As between the mortgagor and mortgagee of personal property, and also as between the mortgagee and a third person who has succeeded to the mortgagor's interest with actual notice of the mortgage, parol evidence is admissible to identify the property intended to be covered thereby: *Sommer* v. *Island Mercantile Co.*, 24 Or. 214, applied.

From Polk :   GEO. H. BURNETT, Judge.

Action by M. Reinstein against G. A. Roberts and others.   From a judgment in favor of defendants, plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Messrs. J. J. Daly* and *Austin F. Flegel.*

For respondents there was a brief over the names of *Reuben P. Boise* and *Sibley & Eakin*, with an oral argument by *Messrs. Reuben P. Boise* and *J. A. Sibley.*

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover one hundred and ninety-two bales of hops, or the value thereof in case delivery could not be had, and damages for their detention.   After the action was commenced, plaintiff obtained possession of one hundred and forty-five bales of the property sought to be recovered upon his claim for the immediate delivery thereof.   The defendants denied the material allegations of the complaint, and alleged that they were the owners and entitled to the possession of the hops so obtained by plaintiff, which were of the reasonable value

of $1,721.24, and that by reason of the unlawful taking they had sustained special damage in the sum of $500. These allegations of new matter having been denied, a trial was had, at which plaintiff, to sustain the allegations of the complaint, offered in evidence a chattel mortgage executed by defendants to him September 9, 1895, which recited a loan of $250, and guaranteed such further advances as might be necessary, not exceeding the sum of $1,750, in consideration of which they covenanted to care for and cultivate during the year 1895 the crop of hops growing upon three parcels of land in Polk County, described as follows : "All three pieces situated upon that part of the donation land claim of James Morris and Sarah Morris, his wife, notification No. 115, and claim No. 39, in township 7 south, range 4 west, Willamette Meridian ; running thence west 2.59 rods ; thence north 80 rods to the place of beginning, containing one hundred and twenty-nine and thirty-five one-hundredths acres, more or less ; fifty-three acres being set out to hops." The defendants also covenanted to harvest, dry, and bale said hops, and, not later than October 5, 1895, deliver the same to plaintiff, that he might dispose of them, and reimburse himself out of the proceeds for advances, charges, and expenses, including a commission of one cent per pound upon the entire crop.    Said mortgage was conditioned that if defendants kept and performed the covenants therein it should be void.    The court sustained an objection to the introduction of the mortgage in evidence on the ground that it was incompetent, irrelevant, and immaterial, to which ruling an exception was saved.    The court also refused to permit plaintiff to answer the following questions, viz.:    "Are you acquainted with the crop of hops described in the instrument just offered in evidence?"    "Where were the said hops growing when you entered into this contract?"—to which

action plaintiffs' counsel excepted. In submitting the cause to the jury, the court instructed them to find that the defendant's were entitled to the recovery of the hops taken from them by plaintiff, or, if delivery thereof could not be had, that they recover from him the sum of $1,671.15, as the value thereof, to which charge an exception was saved; and, judgment having been rendered on the verdict returned in accordance with such instruction, plaintiff appeals.

1. The action having been commenced after the expiration of the time in which defendants agreed to deliver the hops, and the complaint having alleged that plaintiff was the owner, and entitled to the possession thereof, the questions presented for consideration are whether a chattel mortgage, after default, is evidence of the mortgagee's ownership of the property therein described; and, if so, was the mortgage in question, as between the parties thereto, sufficiently definite in description to let in parol testimony to identify the property and prove the ownership? The law is settled in this state that a chattel mortgage is a conditional sale of personal property, and that after a breach of the conditions the mortgagee has a qualified ownership of the property hypothecated to him as security for the payment of a debt, or the performance of an obligation: *Case Machine Co.* v. *Campbell,* 14 Or. 460 (13 Pac. 324); *Hembree* v. *Blackburn,* 16 Or. 153 (19 Pac. 73); *Marquam* v. *Sengfelder,* 24 Or. 2 (32 Pac. 676). It has also been held that, under an allegation of absolute ownership, the mortgagee of personal property upon default of the mortgagor may maintain an action for its recovery, and claim immediate delivery thereof in such action: *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112). It is manifest from these decisions that the complaint stated facts sufficient to constitute a cause of action, and that, a breach of the conditions of the

mortgage having occurred, the instrument is sufficient proof of the mortgagee's qualified ownership of the property therein described.

2.   The decision of the case must, therefore, depend upon a consideration of the sufficiency of the description of the property mentioned in the mortgage.   In *Spaulding* v. *Mozier*, 57 Ill. 148, suit was instituted to correct a mistake in the description contained in a chattel mortgage of property which was located in lot 1, instead of lot 11, in a certain block in the village of Highland Park, Illinois; but it was held that the mistake complained of was wholly immaterial, and the court refused to grant the relief which was sought, Mr. Justice Scott saying:   "That part of the mortgage that designates the property as being then situated 'on lot one, block number eighteen, in the Village of Highland Park,' may be rejected as surplusage, and without it the description of the property conveyed is perfect."   In *Baldwin* v. *Boyce*, 152 Ind. 46 (51 N. E. 334), a chattel mortgage described the property intended to be affected thereby as, "all and singular, the restaurant and hotel furniture and fixtures located in and situated in and about the first, second, and third stories of No. 313 East Main Street, consisting of the following articles," etc., without referring to the town, county, or state in which said street was situated.   The mortgage recited, however, that the mortgagor, of Delaware County, in the State of Indiana, mortgages to Mary Baldwin, etc.; that the property was in the mortgagee's possession, where it was to remain until the note secured by the mortgage should mature; and it was held that the property was bound by the mortgage, even in the hands of one who had purchased the same from the mortgagor.   It will be observed, from an examination of the description of the land upon which the hops

were stated to have been growing in 1895, that it was the donation land claim of Jesse Morris, in township 7 south, of range 4 west, of the Willamette Meridian, in Polk County, Oregon. Under the donation laws of Oregon, a person could obtain but one gift of land from the government; and, this being so, if there were more than one Jesse Morris who had obtained a donation, the number of the notification and claim would enable a surveyor to locate the premises; and hence the partial description by metes and bounds given in the mortgage may be regarded as surplusage.

3. The rule is quite general that, as between the mortgagor and mortgagee of personal property, and also as between such mortgagee and a person who has succeeded to the interest of the mortgagor with actual notice of the conditional sale, parol testimony is admissible to identify the property which was intended to be given as security: Cobbey, Chat. Mortg. § 188; Jones, Chat. Mortg. § 64; *Sommer* v. *Island Milling Co.*, 24 Or. 214 (33 Pac. 559); *Cummings* v. *Tovey*, 39 Iowa, 195; *Clapp* v. *Trowbridge*, 74 Iowa, 550 (38 N. W. 411); *Plano Mfg. Co.* v. *Griffith*, 75 Iowa, 102 (39 N. W. 214); *Am. Well Works* v. *Whinery*, 76 Iowa, 400 (41 N. W. 53); *Dodson* v. *Dedman*, 61 Mo. App. 209; *Dodge* v. *Potter*, 18 Barb. 193; *Goulding* v. *Swett*, 13 Gray, 517; *Gurley* v. *Davis*, 39 Ark. 394; *Ranck* v. *Howard-Sansom Co.*, 3 Tex. Civ. App. 507 (22 S. W. 773); *Duke* v. *Strickland*, 43 Ind. 494; *Ebberle* v. *Mayer*, 51 Ind. 235; *Burns* v. *Harris*, 66 Ind 536; *Tindall* v. *Wasson*, 74 Ind. 495; *Buck* v. *Young*, 1 Ind. App. 558 (27 N. E. 1106); *Koehring* v. *Aultman, Miller & Co.*, 7 Ind. App. 475 (34 N. E. 30); *Morris* v. *Connor*, 108 N. C. 321 (12 S. E. 917). Under this rule, we think the chattel mortgage in qustion contained, as between the mortgagors and mortgagee, a sufficient description to permit it to be

offered in evidence to prove plaintiff's qualified ownership of the hops, and that, as between the said parties, parol testimony was admissible to identify the property intended to be hypothecated; and, this being so, the court erred in refusing to permit the mortgage to be received in evidence, in not allowing plaintiff to identify the property, and in charging the jury to return a verdict for defendants, and hence it follows that the judgment is reversed, and the cause remanded for a new trial.

REVERSED.