THE WESTINGHOUSE Co., Appellant, v. DANIEL McGRATH.

**Chattel mortgages:** DESCRIPTION: CONSTRUCTIVE NOTICE. To constitute the record of a chattel mortgage constructive notice thereof, the description of the property must be sufficiently definite so that one examining the records may be able from the description there found to ascertain the property with reasonable certainty.
In the instant case the description is held too indefinite to comply with the rule.

*Appeal from Crawford District Court.*— HON. F. M. POWERS, Judge.

WEDNESDAY, JULY 11, 1906.

ACTION in replevin resulted in a judgment for the defendant. The plaintiff appeals.— *Affirmed.*

*Shaw, Sims & Kuehnle* and *George A Richardson,* for appellant.

*P. W. Harding,* for appellee.

LADD, J.— At the time of the service of the writ of replevin the threshing outfit in controversy was in possession

of the defendant McGrath, as constable, by virtue of levies thereon of a writ of execution and of a writ of attachment, under which his interest in the property amounted to $404.54, considerable less than its value. The statutory notice of ownership had been served, and it was made to appear by stipulation that one A. A. Kuhnes purchased said outfit of the plaintiff, August 12, 1901, and, to secure payment of the $600 of the purchase price, with his wife and L. V. Kuhnes executed to it a chattel mortgage describing said property as " One 15 H. P. traction engine, Westinghouse make; one O a 32x47 Westinghouse grain thresher; one Woods self-feeder main drive belt wagon box elevator tank pump and hose, to have and to hold the same forever. I, the said party of the first part, will forever warrant and defend the same against all persons whomsoever." In the mortgage, the Kuhneses had been described as of the county of Crawford and state of Iowa, and it was provided therein that in case of an attempt to dispose of or " remove from said county of . . . the aforesaid goods and chattels." the mortgagee might foreclose, and " said sale to take place . . . in the county of . . . Iowa." But two other threshing outfits of this company had been shipped into Crawford county, and none of the number and style of that in controversy, but this was unknown to the defendant. The name of plaintiff company and the number of the machine was printed conspicuously on the thresher and engine. At the time of the levies by defendant the outfit was on the farm of one Butler in whose care it had been left by A. A. Kuhnes, some fifteen miles from his place of residence. The defendant was without actual notice of the existence of the mortgage, but it was recorded and the only question for our determination is whether the description of the property was sufficiently definite to impart constructive notice.

The county in which the property was located was reasonably to be inferred from the mortgage; for, after describing the mortgagors as of Crawford county, foreclosure is author-

ized upon attempting " to remove from said county " the incumbered property. By " said county " was meant the one previously named, and this would not be obviated by the omission to write the name of such county in the blank left for that purpose. But location of the property as in the county with a description of the owner as of that county is not sufficient to impart notice. *Muir* v. *Blake*, 57 Iowa, 662; *Warner* v. *Wilson*, 73 Iowa, 719; *Barrett* v. *Fisch*, 76 Iowa 553. It is also to be noted that though the Kuhneses execute the mortgage, it does not assert the ownership to be in any one or all of them. As A. A. Kuhnes was, in fact, the owner, this omission cannot affect the validity of the instrument (*McGarry* v. *McDonnell*, 82 Iowa, 732), but it does have an important bearing in the determination of whether the recording of the mortgage imparted constructive notice of its existence. No one could tell from the record whether some one or all or none of them owned the property. *Everett* v. *Brown*, 64 Iowa, 420; *Warner* v. *Wilson*, 73 Iowa, 719; *State Bank* v. *Felt*, 99 Iowa, 532; *Syck* v. *Bossingham*, 120 Iowa, 363.

Nor was there anything therein to advise a creditor of Kuhnes of its location or in whose possession it might be found. These have been the controlling circumstances in many cases. Thus in *Brock* v. *Barr*, 70 Iowa, 399, a somewhat indefinite description was aided by adding that the property was in the possession of the mortgagor in a particular county. In *Shellhammer* v. *Jones*, 87 Iowa, 520, it was said the mortgagor was of the county from which the property was not to be removed, and he certified that he was the owner. He had no other stallions of like description. *Preston* v. *Caul*, 109 Iowa, 443, was much like the last case, in that the instrument indicated the mortgagor's ownership of the interest covered and that the stallion was in the county. In the case at bar the description is indefinite. True there were but two other outfits in the county and these were of different number and style. But the number was not inserted in the

mortgage and there is nothing in the record to show in what respects the style differed or whether such difference was in the matter of description contained in the mortgage. Aside from this, however, the defendant was not bound at his peril to search the county to ascertain whether there were other like machines therein, in the absence of any assertion in the mortgage that this was the only one. There was nothing in the mortgage to suggest such an inquiry, and without this a purchaser was not charged with notice of such fact. The case falls within those cases where the mortgages describe property in a general way; that is, in such indefinite terms that any number of articles or animals may well fall within its terms. Thus in *Hayes v. Wilcox,* 61 Iowa, 732, a description of " one oscillating thresher, size 6, 30-inch cylinder and also one Chicago, Pitts 10-horse power " was held insufficient. Other analogous cases are *Ormsby v. Nolan,* 69 Iowa, 132; *Plano Mfg. Co. v. Griffith,* 75 Iowa, 102; *State Bank v. Felt,* 99 Iowa, 532; *Gilcrist v. McGhee,* 98 Iowa, 508. The rule regarding the certainty of description of property in a mortgage is that if it contains enough to so direct the mind of the searcher of the record to facts from which he may ascertain the property with reasonable certainty, it is sufficient. Shellhammer v. Jones, *supra. The City Bank v. Ratkey,* 79 Iowa, 216.

This was too indefinite to meet this requirement, and the trial court's ruling to this effect is approved.— *Affirmed.*